# EXHIBIT 1

## <u>CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE</u>

This Class Action Settlement Agreement and Release, dated March 27, 2024, is made and entered into by and among Plaintiffs, for themselves individually and on behalf of the Settlement Class and Defendant Practice Resources, LLC ("Practice Resources"). This Settlement Agreement fully and finally resolves and settles all of Plaintiffs' and the Settlement Class's Released Claims, upon and subject to the terms and conditions hereof, and subject to the Court's approval.

## RECITALS

**WHEREAS**, on or around April 12, 2022, Practice Resources experienced a targeted cybersecurity attack culminating in ransomware, which Practice Resources discovered on or around April 12, 2022 (the "Data Breach").

**WHEREAS**, during the pendency of the Data Breach, an unauthorized third party may have gained access to the names, home addresses, dates of treatment, health plan numbers and/or medical record numbers (collectively, "Private Information") of approximately 942,000 individuals and 350,000 households.

**WHEREAS,** Practice Resources began notifying impacted individuals about the Data Breach on or around August 23, 2022.

**WHEREAS,** the initial complaint arising from the Data Breach was filed in the United States District Court for the Northern District of New York on August 25, 2022.

**WHEREAS**, after an additional complaint was filed in the ensuing weeks, the cases were consolidated, on November 22, 2022, under the action *In re Practice Resources, LLC Data Security Breach Litigation*, No. 6:22-cv-00890-LEK-DJS (N.D.N.Y.) (the "Action").

**WHEREAS**, a Master Consolidated Class Action Complaint was filed on December 22, 2022.

**WHEREAS,** Practice Resources filed a motion to dismiss on January 23, 2023.

**WHEREAS**, Plaintiffs filed an Amended Consolidated Complaint on February 22, 2023.

**WHEREAS,** Practice Resources filed a motion to dismiss the Amended Consolidated Complaint on March 15, 2023, Plaintiffs filed an opposition on April 5, 2023, and Practice Resources filed a response in support of the motion to dismiss on April 26, 2023.

**WHEREAS**, after considerable meet and confer efforts, the Parties agreed to mediate the case, while the motion to dismiss remained pending.

**WHEREAS**, in preparation for the scheduled mediation, the Parties exchanged certain information related to the Action. The Parties also prepared for mediation by laying out their respective positions on the Action, including with respect to the merits, class certification and settlement, to each other and the mediator.

**WHEREAS**, in the weeks prior to the mediation, the Parties maintained an open dialogue concerning the contours of a potential agreement to begin settlement negotiations.

**WHEREAS**, on November 13, 2023, the Parties engaged in a mediation session before the Honorable Wayne Anderson (ret.). The mediation assisted the parties in resolving their outstanding differences, though the ultimate resolution occurred on December 14, 2023. In the time that followed the mediation session, the Parties were able to finalize all the terms of this Settlement Agreement.

**WHEREAS**, pursuant to the terms set forth below, this Agreement resolves all actual and potential claims, actions and proceedings as set forth in the release contained herein, by and on behalf of members of the Settlement Class defined herein but excludes the claims of all Class Members who opt out from the Settlement Class pursuant to the terms and conditions herein.

**WHEREAS**, Proposed Settlement Class Counsel ("Class Counsel"), on behalf of Plaintiffs and the Settlement Class, have thoroughly examined the law and facts relating to the matters at issue in the Action, Plaintiffs' claims and Practice Resources' potential defenses, including conducting independent investigation and confirmatory discovery, conferring with defense counsel through the settlement negotiation process, as well as conducting an assessment of the merits of expected arguments and defenses throughout the litigation, including on a motion for class certification. Based on a thorough analysis of the facts and the law applicable to Plaintiffs' claims in the Action and taking into account the burden, expense and delay of continued litigation, including the risks and uncertainties associated with litigating class certification and other defenses Practice Resources may assert, a protracted trial and appeal(s), as well as the opportunity for a fair, cost-effective and assured method of resolving the claims of the Settlement Class, Plaintiffs and Class Counsel believe that resolution is an appropriate and reasonable means of ensuring that the Class is afforded important benefits expediently. Plaintiffs and Class Counsel have also taken into account Practice Resources' lack of insurance and cash flow concerns, and the uncertain outcome and the risk of continued litigation, as well as the difficulties and delays inherent in such litigation.

**WHEREAS**, Plaintiffs and Class Counsel believe that the terms set forth in this Settlement Agreement confer substantial benefits upon the Settlement Class and have determined that they are fair, reasonable, adequate and in the best interests of the Settlement Class.

**WHEREAS**, Practice Resources has similarly concluded that this Agreement is desirable in order to avoid the time, risk and expense of defending protracted litigation and to resolve finally and completely the claims of Plaintiffs and the Settlement Class.

**WHEREAS**, this Agreement, whether or not consummated, and any actions or proceedings taken pursuant to this Agreement, are for settlement purposes only, and Practice Resources specifically denies any and all wrongdoing. The existence of, terms in and/or any action taken under or in connection with this Agreement shall not constitute, be construed as or be admissible in evidence as any admission by Practice Resources of (i) the validity of any claim, defense or fact asserted in the Action or any other pending or future action or (ii) any wrongdoing, fault, violation of law or liability of any kind on the part of the Parties.

2

**WHEREAS**, the foregoing Recitals are true and correct and are hereby fully incorporated in and made a part of this Agreement.

**NOW, THEREFORE**, in consideration of the promises, covenants and agreements herein described and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, the Parties do hereby mutually agree as follows:

1.    **DEFINITIONS**

As used in this Agreement, the following terms shall be defined as follows:

1.1    "Action" means the class action lawsuit captioned *In re Practice Resources, LLC Data Security Breach Litigation*, No. 6:22-cv-00890-LEK-DJS, initially filed on December 22, 2022 in the United States District Court for the Northern District of New York.

1.2    "Administrative Expenses" means all charges and expenses incurred by the Settlement Administrator in the administration of this Settlement, including, without limitation, all expenses and costs associated with claims administration, the Notice Plan and providing Notice to the Settlement Class. Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

1.3    "Agreement" or "Settlement Agreement" means this Class Action Settlement Agreement and Release. The terms of the Settlement Agreement are set forth herein including the exhibits hereto.

1.4    "Approved Claim(s)" means a claim as evidenced by a Claim Form submitted by a Class Member that (a) is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement; (b) is physically signed or electronically verified by the Class Member; (c) satisfies the conditions of eligibility for a Settlement Benefit as set forth herein; and (d) has been approved by the Settlement Administrator.

1.5    "Business Days" means Monday, Tuesday, Wednesday, Thursday and Friday, excluding holidays observed by the federal government.

1.6    "CAFA Notice" means the notice to be disseminated to appropriate federal and state officials pursuant to the requirements of 28 U.S.C. § 1715(b) and in accordance with Section 5.2 of this Agreement.

1.7    "Claimant" means a Class Member who submits a Claim Form for a Settlement Payment.

1.8    "Claim Form" means the form attached hereto as **Exhibit A**, as approved by the Court. The Claim Form must be submitted physically (via U.S. Mail) or electronically (via the Settlement Website) by Class Members who wish to file a

claim for their given share of the Settlement Benefits pursuant to the terms and conditions of this Agreement. The Claim Form shall be available for download from the Settlement Website. The Settlement Administrator shall mail a Claim Form, in hardcopy form, to any Class Member who so requests.

1.9     "Claims Deadline" means the date by which all Claim Forms must be received to be considered timely and shall be set as the date ninety (90) days after the Notice Date. The Claims Deadline shall be clearly set forth in the Long Form Notice, the Summary Notice, the Claim Form and the Court's order granting Preliminary Approval.

1.10    "Claims Period" means the period of time during which Class Members may submit Claim Forms to receive their given share of the Settlement Benefits. The Claims Period shall commence on the Notice Date and shall end on the date ninety (90) days thereafter.

1.11    "Class Counsel" means Migliaccio & Rathod LLP, Weitz & Luxenberg P.C. and Almeida Law Group LLC as Settlement Class Counsel (collectively "Class Counsel" or "Settlement Class Counsel").

1.12    "Class Member" means a member of the Settlement Class.

1.13    "Class Representatives" and "Plaintiffs" means James Stewart, Susan Stewart, John Bachura, Brenda Sparks and Steven N. Esce.

1.14    "Court" means the United States District Court for the Northern District of New York.

1.15    "Data Breach" refers to the unauthorized access that is the subject of the Action and which was discovered by Practice Resources on or around April 12, 2022 and disclosed publicly on or around August 23, 2022.

1.16    "Documented Loss" refers to monetary losses incurred by a Class Member and supported by Reasonable Documentation for attempting to remedy or remedying issues that are more likely than not a result of Data Breach, as further described in Section 3.2(a) below. Documented Loss must be supported by Reasonable Documentation that a Class Member actually incurred unreimbursed losses and consequential expenses that are more likely than not traceable to the Data Breach and incurred on or after April 12, 2022.

1.17    "Effective Date" means the date upon which the Settlement contemplated by this Agreement shall become effective as set forth in Section 10.1 below.

1.18    "Entity" means any person, corporation, partnership, limited liability company, association, trust, agency or other organization of any type.

1.19    "Fee Award and Costs" means the amount of attorneys' fees and reimbursement of reasonable litigation costs and expenses awarded by the Court to Class Counsel, if any, to be paid from the Settlement Fund.

1.20    "Final Approval Order" means the order to be entered by the Court after the Final Approval Hearing, which approves the Settlement Agreement. The Final Approval Order should be substantially similar to the form attached hereto as **Exhibit B**.

1.21    "Final Approval Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy and reasonableness of the Settlement pursuant to the Federal Rules of Civil Procedure and whether to issue the Final Approval Order and Judgment.

1.22    "Practice Resources' Counsel" or references to counsel for Practice Resources means attorney T. Chase Samples, Jackson E. Biesecker, and other attorneys at the law firm Jackson Lewis P.C.

1.23    "Practice Resources" or "Defendant" means Defendant Practice Resources, LLC and its current and former affiliates, parents, subsidiaries and successors.

1.24    "Judgment" means the judgment to be entered by the Court, to be substantially similar to the form of **Exhibit C**.

1.25    "Long Form Notice" means the long form notice of settlement substantially in the form attached hereto as **Exhibit D**.

1.26    "Net Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) reasonable Administrative Expenses incurred pursuant to this Settlement Agreement, (ii) Service Awards approved by the Court, (iii) any amounts approved by the Court for the Fee Award and Costs and (iv) applicable taxes, if any.

1.27    "Notice" means notice of the proposed class action settlement to be provided to Class Members pursuant to the Notice Plan approved by the Court in connection with preliminary approval of the Settlement. The Notice shall consist of the Summary Notice, the Long Form Notice, and the Settlement Website and toll-free telephone line.

1.28    "Notice Date" means the date upon which Settlement Class Notice is initially disseminated to the Settlement Class by the Settlement Administrator, which shall be no later than thirty-five (35) days after entry of the Preliminary Approval Order.

1.29    "Notice Plan" means the settlement notice program, as approved by the Court, developed by the Settlement Administrator, and set forth in this Agreement for disseminating Notice to the Class Members of the terms of this Agreement and the Final Approval Hearing.

1.30    "Objection Deadline" means the date by which Class Members must file and postmark required copies of any written objections, pursuant to the terms and conditions herein, to this Settlement Agreement and to any application and motion for (i) the Fee Award and Costs and (ii) the Service Awards, which shall be sixty (60) days following the Notice Date.

1.31    "Opt-Out Period" means the period in which a Class Member may submit a Request for Exclusion, pursuant to the terms and conditions herein, which shall expire sixty (60) days following the Notice Date. The deadline for filing a Request for Exclusion will be clearly set forth in the Settlement Class Notice.

1.32    "Parties" means the Plaintiffs and Defendant Practice Resources.

1.33    "Personal Information" means information compromised in the Data Breach including, but not necessarily limited to, first and last names, home addresses, dates of treatment, health plan numbers and/or medical record numbers.

1.34    "Preliminary Approval Order" means an order by the Court that preliminarily approves the Settlement (including, but not limited to, the forms and procedure for providing Notice to the Settlement Class), permits Notice to the proposed Settlement Class, establishes a procedure for Class Members to object to or opt out of the Settlement, and sets a date for the Final Approval Hearing, without material change to the Parties' agreed-upon proposed preliminary approval order attached hereto as **Exhibit E**.

1.35    "Reasonable Documentation" means documentation supporting a claim for Documented Loss including, but not limited to, credit card statements, bank statements, invoices, telephone records and receipts. Documented Loss costs cannot be documented solely by a personal certification, declaration, or affidavit from the Claimant; a Class Member must provide supporting documentation.

1.36    "Released Claims" means any claim, liability, right, demand, suit, obligation, damage, including consequential damage, loss or cost, punitive damage, attorneys' fees, costs and expenses, action or cause of action, of every kind or description— whether known or Unknown (as the term "Unknown Claims" is defined herein), suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory or equitable—that was or could have been asserted on behalf of the Settlement Class in the Action related to or arising from the Data Breach regardless of whether the claims or causes of action are based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other source, and regardless of whether they are foreseen or unforeseen, suspected or unsuspected or fixed or contingent, arising out of, or related or connected in any way with the claims or causes of action of every kind and description that were brought, alleged, argued, raised or asserted in any pleading or court filing in the Action. "Released Claims" do not include any claims against any entity other than Released Parties and are subject to Section 4 below.

6

1.37    "Released Parties" means Defendant and its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments and any and all of its past, present and future officers, directors, employees, equity holders, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing. Each of the Released Parties may be referred to individually as a "Released Party."

1.38    "Request for Exclusion" is the written communication by a Class Member in which he or she requests to be excluded from the Settlement Class pursuant to the terms of the Agreement.

1.39    "Service Awards" means the amount awarded by the Court and paid to the Class Representatives and Gloria Hamilton (or her estate) in recognition of their role in this litigation, as set forth in Section 8 below.

1.40    "Settlement" means this settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

1.41    "Settlement Administrator" means KCC, LLC, the third-party class action settlement administrator selected by the Parties subject to the approval of the Court. Under the supervision of Class Counsel, the Settlement Administrator shall oversee and implement the Notice Plan and receive any requests for exclusion from the Class. Class Counsel and Practice Resources may, by agreement, substitute a different Settlement Administrator, subject to Court approval.

1.42    "Settlement Benefit(s)" means any Settlement Payment, the Credit Monitoring and Insurance Services, the Documented Loss Payments, the Cash Fund Payments, the Prospective Relief set forth in Sections 2 and 3 herein, and any other benefits Class Members receive pursuant to this Agreement, including non-monetary benefits and relief, the Fee Award and Costs and Administrative Expenses.

1.43    "Settlement Class" and "Class" means all natural persons whose Private Information was compromised in the Data Breach, including all individuals who were sent the Notice of Data Privacy Incident on or around August 23, 2022. Excluded from the Settlement Class are: (i) the Judges presiding over the Action and members of their immediate families and their staff; (ii) Practice Resources, its subsidiaries, parent companies, successors, predecessors, and any entity in which Practice Resources or its parents, have a controlling interest, and its current or former officers and directors; (iii) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period and (iv) the successors or assigns of any such excluded natural person.

1.44    "Settlement Fund" means the sum of One Million, Five Hundred Thousand Dollars and Zero Cents ($1,500,000.00), to be paid by Practice Resources, as specified in Section 3.1 of this Agreement.

1.45    "Settlement Payment" means any payment to be made to any Class Member on Approved Claims pursuant to Section 3.2 herein.

1.46    "Settlement Website" means the Internet website to be created, launched and maintained by the Settlement Administrator, and which allows for the electronic submission of Claim Forms and Requests for Exclusion, and provides access to relevant case documents including the Settlement Class Notice, information about the submission of Claim Forms, and other relevant documents, including downloadable Claim Forms.

1.47    "Summary Notice" means the summary notice of the proposed Settlement herein, substantially in the form attached hereto as **Exhibit F**.

1.48    "Taxes" means all federal, state or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants). All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this Agreement (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Agreement ("Tax Expenses"), shall be paid out of the Settlement Fund. Further, Taxes and Tax Expenses shall be treated as, and considered to be, an Administration Expense and shall be timely paid by the Settlement Administrator, out of the Settlement Fund, without prior order from the Court and the Settlement Administrator shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Class Members with Approved Claims any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)). The Parties hereto agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Agreement. For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the Settlement Administrator shall be the "administrator." The Settlement Administrator shall timely and properly file or cause to be filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund and the escrow account (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this Agreement) shall be consistent with this Section and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in this Agreement.

1.49    "Unknown Claims" means any and all Released Claims that Practice Resources or any Class Representative or Class Member does not know or suspect to exist as of

the Effective Date and which, if known might have materially affected their decision(s) with respect to the Settlement. Class Representatives and Class Counsel acknowledge, and each Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

## 2.    SECURITY COMMITMENTS; PROSPECTIVE RELIEF

2.1    Practice Resources agrees to adopt, continue, and/or implement the following (or substantially similar) data and information security measures, at its expense, which are designed to strengthen Practice Resources' data and information security. The parties have agreed that Practice Resources will implement the measures for at least two years from the Effective Date of this Agreement:

(1) mandatory security awareness and training programs for all company employees; (2) continuing vulnerability assessments; (3) penetration testing to be conducted at least annually; (4) new password protocols to strengthen password requirements; (5) implementation of an intrusion detection system; (6) the review and revision of written policies and procedures to enhance information security.

2.2    Upon request, Practice Resources will provide Class Counsel with sufficient information to confirm that each of these measures has been or will be implemented including through a confirmatory interview conducted with one of Practice Resources' IT professionals who can attest to the measures that Practice Resources has or will take in accordance with this Agreement. Practice Resources further agrees to provide Class Counsel with ongoing status reports as needed at their request, subject to the time period specified in section 2.1.

## 3.    SETTLEMENT FUND / MONETARY PAYMENT / BENEFITS DETAILS

3.1    Practice Resources agrees to make or cause to be made a payment of One Million, Five Hundred Thousand Dollars and Zero Cents ($1,500,000.00), to create the Settlement Fund as follows:

(a)    within 10 days after the latter of (i) entry of the Preliminary Approval Order, which shall include an order establishing the Settlement Fund pursuant to Treasury Regulation § 1.468B-1(c)(1) or (ii) receipt from the Settlement Administrator of detailed wire instructions and a completed W-9 form, Practice Resources agrees to and shall cause the sum of Six Hundred Thousand Dollars and Zero Cents ($600,000.00) to be deposited in an interest-bearing bank escrow account established and administered by the Settlement Administrator (the "Escrow Account") to defray the actual expenses of notice of claims administration. Practice Resources agrees to make or cause to be made a payment of Nine Hundred Thousand Dollars and No Cents ($900,000) to be deposited in the Escrow Account within thirty (30) days following entry of the Final Approval Order. The Escrow

9

Account shall be held in a Qualified Settlement Fund (defined below) in an interest-bearing bank account deposit with a commercial bank with excess capital exceeding One Billion United States Dollars and Zero Cents ($1,000,000,000.00), with a rating of "A" or higher by S&P and in an account that is fully insured by the United States Government or the FDIC. The Settlement Fund will be used to pay Approved Claims, Administrative Expenses (to be agreed upon by both parties), the Fee Award and Costs and Service Awards. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Practice Resources' liability shall not exceed One Million, Five Hundred Thousand Dollars and Zero Cents ($1,500,000.00).

(b)     All interest on the funds in the Escrow Account shall accrue to the benefit of the Settlement Class. Any interest shall not be subject to withholding and shall, if required, be reported appropriately to the Internal Revenue Service by the Settlement Administrator. The Administrator is responsible for the payment of all Taxes.

(c)     The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1 at all times after the creation of the Escrow Account. All Taxes shall be paid out of the Escrow Account. Defendant, Defendant's Counsel, Plaintiffs and Class Counsel shall have no liability or responsibility for any of the Taxes. The Escrow Account shall indemnify and hold Defendant, Defendant's Counsel, Plaintiffs and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification). For the purpose of the Internal Revenue Code and the Treasury regulations thereunder, the Settlement Administrator shall be designated as the "administrator" of the Settlement Fund. The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in the previous paragraph) shall be consistent with this paragraph and in all events shall reflect that all taxes (including the Taxes, any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Settlement Administrator shall maintain control over the Settlement Fund and shall be responsible for all disbursements. The Settlement Administrator shall not disburse any portion of the Settlement Fund except as provided in this Agreement and with the written agreement of Class Counsel and Defendant's Counsel or by order of the Court. All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement or further order of the Court.

3.2    <u>Settlement Benefits</u>: Each Class Member may qualify and submit a claim for one of the following:

(a)    <u>Documented Loss Payment</u>. Class Members may submit a claim for a Settlement Payment of up to Five Thousand Dollars and Zero Cents ($5,000) for reimbursement in the form of a Documented Loss Payment. To receive a Documented Loss Payment, a Class Member must choose to do so on their Claim Form and submit to the Settlement Administrator the following: (i) a valid Claim Form electing to receive the Documented Loss Payment benefit; (ii) an attestation regarding any actual and unreimbursed Documented Loss made under penalty of perjury and (iii) Reasonable Documentation that demonstrates the Documented Loss to be reimbursed pursuant to the terms of the Settlement. If a Class Member does not submit Reasonable Documentation supporting a Documented Loss Payment claim, or if a Class Member's claim for a Documented Loss Payment is rejected by the Settlement Administrator for any reason, and the Class Member fails to cure his or her claim, the claim will be rejected and the Class Member's claim will instead be automatically placed into the Cash Fund Payment category below.

(b)    <u>Credit Monitoring and Insurance Services ("CMIS")</u>. In the alternative to the Documented Loss Payment or the Cash Fund Payment, class members may elect to claim three years of CMIS to be provided by a vendor agreed upon by the parties. The CMIS benefit will provide, at a minimum, three credit bureau monitoring services and One Million Dollars and Zero Cents ($1,000,000.00) in identity theft insurance. Said CMIS benefits will be available to class members irrespective of whether they took advantage of any previous offering of credit monitoring from Practice Resources. Individuals who elected to utilize a previous offering of CMIS from Practice Resources, or who obtained CMIS services from another provider as a result of the Data Breach, will be permitted to postpone activation of their CMIS settlement benefit for up to 12 months.

(c)    <u>Cash Fund Payment</u>. In the alternative to the Documented Loss Payment or the CMIS benefit, Class Members may submit a claim to receive a pro rata Settlement Payment in cash ("Cash Fund Payment"). The amount of the Cash Fund Payment will be calculated in accordance with Section 3.7 below. Class Members who submit a Claim for a Cash Fund Payment will not be entitled to select any of the other Settlement Benefits provided for under Section 3.2(a)-(b).

3.3    <u>Settlement Payment Methods.</u> Class Members will be provided the option to receive any Settlement Payment due to them pursuant to the terms of this Agreement via various digital methods. In the event that Class Members do not exercise this option with the Settlement Administrator, they will receive their Settlement Payment via a physical check sent to them by U.S. Mail.

3.4     <u>Deadline to File Claims.</u> Claim Forms must be received postmarked or electronically within ninety (90) days after the Notice Date.

3.5     <u>The Settlement Administrator.</u> The Settlement Administrator shall have the authority to determine whether a Claim Form is valid, timely and complete. To the extent the Settlement Administrator determines a claim is deficient for a reason other than late posting, the Settlement Administrator shall, within a reasonable amount of time, notify the Claimant (with a copy to Class Counsel) of the deficiencies and notify the Claimant that he or she shall have thirty (30) days to cure the deficiencies and re-submit the claim. No notification is required for late-posted claims. The Settlement Administrator shall exercise reasonable discretion to determine whether the Claimant has cured the deficient claim. If the Claimant fails to cure the deficiency, the claim shall stand as denied and the Class Member shall be so notified if practicable.

3.6     <u>Timing of Settlement Benefits.</u> Within ninety (90) days after: (i) the Effective Date or (ii) all Claim Forms have been processed subject to the terms and conditions of this Agreement, whichever date is later, the Settlement Administrator shall cause funds to be distributed to each Class Member who is entitled to funds based on the selection made on their given Claim Form.

3.7     <u>Distribution of Settlement Payments</u>: The Settlement is intended and designed to exhaust the Settlement Fund. The Settlement Fund shall be used to make payments for the following: (i) Administrative Expenses, (ii) Fee Award and Costs, (iii) Service Award and (iv) taxes. The remaining amount is the Net Settlement Fund. The Settlement Administrator will first apply the Net Settlement Fund to pay for CMIS claimed by Class Members. If Net Settlement Funds remain after paying for the CMIS, the Settlement Administrator will next use it to pay valid claims for Documented Loss Payments. The amount of the Net Settlement Fund remaining after all Documented Loss Payments are applied and the payments for the CMIS are made shall be referred to as the "Post CM/DL Net Settlement Fund." The Settlement Administrator shall then utilize the Post CM/DL Net Settlement Fund to make all Cash Fund Payments pursuant to Section 3.2(c) herein. The amount of each Cash Fund Payment shall be calculated by dividing the Post CM/DL Net Settlement Fund by the number of valid claims submitted for Cash Fund Payments.

In the event the Net Settlement Fund is insufficient to cover the payment for the CMIS claimed by Class Members, the duration of the CMIS coverage will be reduced to exhaust the fund. In such an event, no Net Settlement Funds will be distributed to Claimants for Approved Claims for Documented Loss Payments or for Cash Fund Payments. In the event that the aggregate amount of all Documented Loss Payments and payments for the CMIS exceeds the total amount of the Net Settlement Fund, then the value of the Documented Loss Payment to be paid to each Class Member shall be reduced, on a pro rata basis, such that the aggregate value of all Documented Loss Payments and payments due for CMIS does not exceed the Net Settlement Fund. In such an event, no Net Settlement Funds will be

distributed to Claimants with Approved Claims for Cash Fund Payments. All such determinations shall be performed by the Settlement Administrator.

3.8    <u>Deadline to Deposit or Cash Physical Checks</u>. Class Members with Approved Claims who receive a Documented Loss Payment or a Cash Fund Payment, by physical check, shall have sixty (60) days following distribution to deposit or cash their benefit check.

3.9    <u>Residual Funds</u>. The Settlement is designed to exhaust the Settlement Fund. To the extent any monies remain in the Net Settlement Fund more than 120 days after the distribution of all Settlement Payments to the class members, a subsequent Settlement Payment will be evenly made to all Class Members with approved claims for Cash Fund Payments who cashed or deposited the initial payment they received, provided that the average check amount is equal to or greater than Three Dollars and Zero Cents ($3.00). The distribution of this remaining Net Settlement Fund shall continue until the average check or digital payment in a distribution is less than three dollars ($3.00), whereupon the amount remaining in the Net Settlement Fund, if any, shall be distributed by mutual agreement of the Parties to a Court-approved non-profit recipient. Should it become necessary to distribute any remaining amount of the Net Settlement Fund to a Court-approved non-profit recipient, the Parties shall petition the Court for permission to do so, providing the Court with details of the proposed non-profit recipient.

3.10   <u>Returned Payments</u>. For any Settlement Payment returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make one additional effort to make any digital payments and engage in reasonable efforts to find a valid address (in the case of physical checks) and resend the Settlement Payment within thirty (30) days after the physical check is returned to the Settlement Administrator as undeliverable. The Settlement Administrator shall make one attempt to repay or resend a Settlement Payment.

3.11   <u>Residue of Settlement Fund</u>. No portion of the Settlement Fund shall ever revert or be repaid to Practice Resources after the Effective Date.

3.12   <u>Custody of Settlement Fund</u>. The Settlement Fund shall be deposited into the Escrow Account but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or returned to those who paid the Settlement Fund in the event this Settlement Agreement is voided, terminated or canceled. In the event this Settlement Agreement is voided, terminated or canceled due to lack of approval from the Court or any other reason, any amounts remaining in the Settlement Fund after payment of all Administrative Expenses incurred in accordance with the terms and conditions of this Agreement, including all interest earned on the Settlement Fund net of any Taxes, shall be returned to Practice Resources and/or its insurer, and no other person or entity shall have any further claim whatsoever to such amounts.

3.13 <u>Non-Reversionary</u>. This is a non-reversionary settlement. As of the Effective Date, all rights of Practice Resources and/or its insurer in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is voided, canceled or terminated, as set forth herein. In the event the Effective Date occurs, no portion of the Settlement Fund shall be returned to Practice Resources and/or its insurers.

3.14 <u>Use of the Settlement Fund</u>. As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for: (i) all Administrative Expenses; (ii) any Taxes; (iii) any Service Awards; (iv) any Fee Award and Costs and (v) the Settlement Payments and/or Settlement Benefits, pursuant to the terms and conditions of this Agreement.

3.15 <u>Payment / Withdrawal Authorization</u>. No amounts from the Settlement Fund may be withdrawn unless (i) expressly authorized by the Settlement Agreement or (ii) approved by the Court. The Parties, by agreement, may authorize the periodic payment of actual reasonable Administrative Expenses from the Settlement Fund as such expenses are invoiced without further order of the Court. The Settlement Administrator shall provide Class Counsel and Practice Resources with notice of any withdrawal or other payment the Settlement Administrator proposes to make from the Settlement Fund before the Effective Date at least seven (7) Business Days prior to making such withdrawal or payment.

3.16 <u>Payments to Class Members</u>. The Settlement Administrator, subject to such supervision and direction of the Court and/or Class Counsel as may be necessary or as circumstances may require, shall administer and/or oversee distribution of the Settlement Fund to Class Members pursuant to this Agreement.

3.17 <u>Taxes</u>. All Taxes relating to the Settlement Fund shall be paid out of the Settlement Fund, shall be considered an Administrative Expense, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Taxes do not include any federal, state and local tax owed by any Claimant or Class Representative and Class Member as a result of any benefit or payment received as a result of the Settlement. Each Claimant, Class Representative and Class Member shall be solely responsible for their federal, state and local tax consequences after receipt of funds from the Settlement Fund pursuant to this Agreement.

3.18 <u>Limitation of Liability</u>.

(a)     Practice Resources and its Counsel shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission or determination of Class Counsel, the Settlement Administrator or any of their respective

14

designees or agents in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

(b)     Class Representatives and Class Counsel shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator or any of their respective designees or agents in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

(c)     The Settlement Administrator shall indemnify and hold Class Counsel, the Settlement Class, Class Representatives, Practice Resources and Practice Resources' Counsel harmless for (i) any act or omission or determination of the Settlement Administrator or any of Settlement Administrator's designees or agents in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

## 4.     RELEASE

4.1     Upon the Effective Date, and in consideration of the Settlement Benefits described herein, the Class Representatives and all Class Members identified in the settlement class list in accordance with Section 6.4, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, successors and any other person purporting to claim on their behalf, release and discharge all Released Claims, including Unknown Claims, against each of the Released Parties and agree to refrain from instituting, directing or maintaining any lawsuit, contested matter, adversary proceeding or miscellaneous proceeding against each of the Released Parties that relates to the Data Breach or otherwise arises out of the same facts and

circumstances set forth in the class action complaint in this Action. This Settlement releases claims against only the Released Parties. This Settlement does not release, and it is not the intention of the Parties to this Settlement to release, any claims against any third party. Nor does this Release apply to any Class Member who timely excludes themselves from the Settlement.

4.2     The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes that risk of such possible difference in facts and agrees that this Agreement shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief and knowledge and that each Party does not rely on inducements, promises or representations made by anyone other than those embodied herein.

## 5.    REQUIRED EVENTS AND COOPERATION BY PARTIES

5.1     <u>Preliminary Approval</u>. Class Counsel shall submit this Agreement to the Court and shall promptly move the Court to enter the Preliminary Approval Order, in the form attached as **Exhibit E**.

5.2     <u>CAFA Notice</u>. Within ten (10) days after Plaintiffs file the motion for preliminary approval of the Settlement, Defendant shall provide CAFA Notice to the appropriate officials of the United States, the State of New York, the other forty-nine states and United States territories. Defendant shall bear the costs of such notice. When Defendant provides CAFA Notice in accordance with Section 11(a) of this Agreement, they shall provide copies of the CAFA Notice to Plaintiffs.

5.3     <u>Cooperation</u>. The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions and steps in order to accomplish all requirements of this Agreement on the schedule set by the Court, subject to the terms of this Agreement. If, for any reason, the Parties determine that the schedule set by the Court is no longer feasible, the Parties shall use their best judgment to amend the schedule to accomplish the goals of this Agreement.

5.4     <u>Certification of the Settlement Class</u>. For purposes of this Settlement only, Plaintiffs and Practice Resources stipulate to the certification of the Settlement Class, which is contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date. Should: (1) the Settlement not receive final approval from the Court, or (2) the Effective Date not occur, the certification of the Settlement Class shall be void. Practice Resources reserves the right to contest class certification for all other purposes. Plaintiffs and Practice Resources further stipulate to designate the Class Representatives as the representatives for the Settlement Class.

5.5     <u>Final Approval</u>. The Parties shall request that the Court schedule the Final Approval Hearing for a date that is no earlier than one hundred twenty (120) days after the

entry of the Preliminary Approval Order. The Parties may file a response to any objections to the Settlement and a Motion for Final Approval no later than fourteen (14) days after the Objection Deadline.

## 6.    CLASS NOTICE, OPT-OUTS AND OBJECTIONS

6.1    Notice shall be disseminated pursuant to the Court's Preliminary Approval Order.

6.2    The Settlement Administrator shall oversee and implement the Notice Plan approved by the Court. All costs associated with the Notice Plan shall be paid from the Settlement Fund.

6.3    Direct Notice. No later than the Notice Date, or such other time as may be ordered by the Court, the Settlement Administrator shall disseminate Notice to the Class Members via direct mail or, if available, via electronic mail. Where multiple Class Members reside in the same household, the Settlement Administrator shall disseminate one Notice per household.

6.4    Settlement Class List. Within fourteen (14) days after the issuance of the Preliminary Approval Order, Practice Resources will provide to the Settlement Administrator a list of any and all names, mailing addresses, telephone numbers and email addresses of any and all Class Members that it has in its possession, custody or control.

6.5    Confidentiality. Any information relating to Class Members provided to the Settlement Administrator pursuant to this Agreement shall be provided solely for the purpose of providing Notice to the Class Members (as set forth herein) and allowing them to recover under this Agreement; shall be kept in strict confidence by the Parties, their counsel, and the Settlement Administrator; shall not be disclosed to any third party; shall be destroyed after all distributions to Class Members have been made; and shall not be used for any other purpose. Moreover, because the Class Member list and information contained therein will be provided to the Settlement Administrator solely for purposes of providing the Class Notice and Settlement Benefits and processing opt-out requests, the Settlement Administrator will execute a confidentiality and non-disclosure agreement and Data Protection Agreement with Class Counsel and Practice Resources' Counsel, and will ensure that any information provided to it by Class Members, Class Counsel, Practice Resources or Practice Resources' Counsel, will be secure and used solely for the purpose of effecting this Settlement. The Data Protection Agreement will, at minimum, require the Settlement Administrator to: implement reasonable safeguards to secure the Settlement Class List and related data; require the Settlement Administrator to notify Practice Resources within 48 hours of a data security incident involving Practice Resources' data; and indemnify Practice Resources for any costs associated with a data security incident involving the Settlement Administrator or its vendors, including but not limited to all costs associated with investigating the data security incident and the cost of providing notice to affected individuals.

6.6    <u>Fraud Prevention</u>. The Settlement Administrator shall use reasonable and customary fraud-prevention mechanisms to prevent (i) submission of Claim Forms by persons other than potential Class Members, (ii) submission of more than one Claim Form per person and (iii) submission of Claim Forms seeking amounts to which the claimant is not entitled. In the event a Claim Form is submitted without a unique Class Member identifier, the Settlement Administrator shall employ reasonable efforts to ensure that the Claim is valid.

6.7    <u>Settlement Website</u>. Prior to any dissemination of the Summary Notice and prior to the Notice Date, the Settlement Administrator shall cause the Settlement Website to be launched on the Internet in accordance with this Agreement. The Settlement Administrator shall create the Settlement Website. The Settlement Website shall contain information regarding how to submit Claim Forms (including submitting Claims Forms electronically through the Settlement Website) and relevant documents, including, but not limited to, the Long Form Notice, the Claim Form, this Agreement, the Preliminary Approval Order entered by the Court, and the operative Consolidated Class Action Complaint in the Action, and will (on its URL landing page) notify the Settlement Class of the date, time and place of the Final Approval Hearing. The Settlement Website shall also provide the toll-free telephone number and mailing address through which Class Members may contact the Settlement Administrator directly. The Settlement Website shall also allow for submission of Requests of Exclusion electronically through the Settlement Website.

6.8    <u>Opt-Out/Request for Exclusion</u>. The Notice shall explain that the procedure for Class Members to opt out and exclude themselves from the Settlement Class is by notifying the Settlement Administrator in writing, postmarked no later than sixty (60) days after the Notice Date (the "Opt-Out Period"). Any Class Member may submit a Request for Exclusion from the Settlement at any time during the Opt-Out Period. To be valid, the Request for Exclusion must be postmarked or received by the Settlement Administrator on or before the end of the Opt-Out Period. In the event a Class Member submits a Request for Exclusion to the Settlement Administrator via U.S. Mail, such Request for Exclusion must be in writing and must identify the case name "*In re Practice Resources, LLC Data Security Breach Litigation*"; state the name, address, telephone number and unique identifier of the Class Member seeking exclusion; identify any lawyer representing the Class Member seeking to opt out; be physically signed by the person(s) seeking exclusion; and must also contain a statement to the effect of "I hereby request to be excluded from the proposed Settlement Class in '*In re Practice Resources, LLC Data Security Breach Litigation*.'" Any person who elects to request exclusion from the Settlement Class shall not (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under this Agreement, (iii) gain any rights by virtue of this Agreement or (iv) be entitled to object to any aspect of this Agreement. Requests for Exclusion may only be made on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

6.9     <u>Objections</u>. The Notice shall explain that the procedure for Class Members to object to the Settlement is by submitting written objections to the Court no later than sixty (60) days after the Notice Date (the "Objection Deadline"). Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. Any Class Member who wishes to object to the Settlement, the Settlement Benefits, Service Awards, and/or the Fee Award and Costs, or to appear at the Final Approval Hearing and show cause, if any, for why the Settlement should not be approved as fair, reasonable and adequate to the Class, why a final judgment should not be entered thereon, why the Settlement Benefits should not be approved, or why the Service Awards and/or the Fee Award and Costs should not be granted, may do so, but must proceed as set forth in this paragraph. No Class Member or other person will be heard on such matters unless they have filed in this Action the objection, together with any briefs, papers, statements or other materials the Class Member or other person wishes the Court to consider, within sixty (60) days following the Notice Date. All written objections and supporting papers must clearly (a) identify the case name and number; (b) state the Class Member's full name, current mailing address and telephone number; (c) contain a statement by the Class Member that he or she believes to be a member of the Settlement Class; (d) include proof that the Class Member is a member of the Settlement Class (e.g., include a copy of the settlement notice or copy of the original notice of the Data Breach); (e) identify the specific factual and legal grounds for the objection; (f) identify whether the objection is an objection to the Settlement in part or in whole; (g) state whether the objection applies only to the objector, a subset of the Settlement Class or the entire Settlement Class; (h) identify all counsel representing the Class Member, if any; (i) include a list, including case name, court and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past five (5) years; (j) include all documents or writings that the Class Member desires the Court to consider; (k) contain a statement regarding whether the Class Member (or counsel of his or her choosing) intends to appear at the Final Approval Hearing; and (l) contain the signature of the Class Member or the Class Member's duly authorized attorney or representative. All objections must be submitted to the Settlement Administrator, Class Counsel identified below, and to the Court either by mailing them to: Clerk, Northern District of New York, James T. Foley Courthouse, Suite 509, 445 Broadway, Albany, NY 12207, or by filing them in person at the Courthouse. All objections must be filed or postmarked on or before the Objection Deadline, as set forth above. Any Class Member who does not make their objections in the manner and by the date set forth in this paragraph shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court. Without limiting the foregoing, any challenge to the Settlement Agreement, the Order Granting Preliminary Approval of the Class Action Settlement Agreement and/or the Final Approval Order and Judgment shall be pursuant to appeal under the applicable rules of appellate procedure and not through a collateral attack.

7.   **SETTLEMENT ADMINISTRATION**

7.1   <u>Submission of Claims</u>.

    (a)    <u>Submission of Electronic and Hard Copy Claims</u>. Class Members may submit electronically verified Claim Forms to the Settlement Administrator through the Settlement Website or may download Claim Forms to be filled out, signed and submitted physically by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline. The Settlement Administrator shall reject any Claim Forms that are incomplete, inaccurate, or not timely received and will provide Claimants notice and the ability to cure defective Claim Forms, unless otherwise noted in this Agreement.

    (b)    <u>Review of Claim Forms</u>. The Settlement Administrator will review Claim Forms submitted by Class Members to determine whether the Class Members are eligible for a Settlement Payment.

7.2   <u>Settlement Administrator's Duties</u>.

    (a)    <u>Cost-Effective Claims Processing</u>. The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Agreement by processing Claim Forms in a rational, responsive, cost effective and timely manner. The Settlement Administrator shall also calculate Settlement Payments in accordance with this Agreement.

    (b)    <u>Dissemination of Notices</u>. The Settlement Administrator shall disseminate the Notice Plan as provided for in this Agreement.

    (c)    <u>Maintenance of Records</u>. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices, and such records will be made available to Class Counsel and Practice Resources' Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. Upon request, the Settlement Administrator shall provide Class Counsel and Practice Resources' Counsel with information concerning Notice, administration, and implementation of the Settlement. Without limiting the foregoing, the Settlement Administrator also shall:

    (i)    Receive Requests for Exclusion from Class Members and provide Class Counsel and Practice Resources' Counsel a copy thereof no later than five (5) days following the deadline for submission of the same. If the Settlement Administrator receives any Requests for Exclusion or other requests from Class Members after expiration of the Opt-Out Period, the Settlement Administrator shall promptly

20

provide copies thereof to Class Counsel and Practice Resources' Counsel;

(ii)    Provide weekly reports to Class Counsel and Practice Resources' Counsel that include, without limitation, reports regarding the number of Claim Forms received (including a breakdown of what types of claims were received and approved), the number of Claim Forms approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected by the Settlement Administrator. The Settlement Administrator shall also, as requested by Class Counsel or Practice Resources' Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund;

(iii)   Make available for inspection by Class Counsel and Practice Resources' Counsel the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice;

(iv)    Cooperate with any audit by Class Counsel or Practice Resources' Counsel, who shall have the right but not the obligation to review, audit and evaluate all Claim Forms for accuracy, completeness and compliance with the terms and conditions of this Agreement.

7.3    <u>Requests For Additional Information</u>: In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Class Member who submits a Claim Form.

## 8.    SERVICE AWARDS

8.1    Class Representatives and Class Counsel may seek Service Awards to the Class Representatives and Gloria Hamilton (or her estate) of up to Two Thousand Five Hundred Dollars ($2,500) per Class Representative and Gloria Hamilton (or her estate). Class Counsel may file a motion seeking Service Awards for the Class Representatives and Gloria Hamilton (or her estate) on or before fourteen (14) days after the Objection Deadline.

8.2    The Settlement Administrator shall pay the Service Awards approved by the Court to the Class Representatives and Gloria Hamilton (or her estate) from the Settlement Fund. Such Service Awards shall be paid by the Settlement Administrator, in the amount approved by the Court, within five (5) Business Days after the Effective Date.

8.3    In the event the Court declines to approve, in whole or in part, the payment of the Service Award in the amounts requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the

amount of the Service Award shall constitute grounds for cancellation or termination of this ement.

8.4    The Parties will discuss or agree upon the maximum amount of Service Awards for which Class Representatives and Gloria Hamilton (or her estate) can apply for, after the substantive terms of the Settlement had been agreed upon.

## 9.    ATTORNEYS' FEES, COSTS AND EXPENSES

9.1    Class Counsel may file a motion seeking an award of attorneys' fees of up to thirty-three and one-third percent (33 1/3%) of the Settlement Fund and, separately, reasonably incurred litigation expenses and costs (i.e., Fee Award and Costs), no later than fourteen (14) days prior to the Objection Deadline. The motion for a Fee Award and Cost shall be posted on the Settlement Website. The Settlement Administrator shall pay any attorneys' fees, costs and expenses awarded by the Court to Class Counsel in the amount approved by the Court, from the Settlement Fund, within five (5) Business Days after the Effective Date.

9.2    Unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs amongst themselves.

9.3    The Settlement is not conditioned upon the Court's approval of an award of Class Counsel's Fee Award and Costs or Service Awards.

## 10.    EFFECTIVE DATE, MODIFICATION AND TERMINATION

10.1    The Effective Date of the Settlement shall be the first day after all of the following conditions have occurred:

(a)    Practice Resources and Class Counsel execute this Agreement;

(b)    The Court enters the Preliminary Approval Order attached hereto as **Exhibit E**, without material change;

(c)    Notice is provided to the Settlement Class consistent with the Preliminary Approval Order;

(d)    The Court enters the Final Approval Order and Judgment attached hereto as **Exhibit B** and **Exhibit C**, respectively, without material change; and

(e)    The Final Approval Order and Judgment have become "Final" because: (i) the time for appeal, petition, rehearing or other review has expired; or (ii) if any appeal, petition, request for rehearing or other review has been filed, the Final Approval Order and Judgment is affirmed without material change or the appeal is dismissed or otherwise disposed of, no other appeal, petition, rehearing or other review is pending, and the time for further appeals, petitions, requests for rehearing or other review has expired.

10.2    In the event that the Court declines to enter the Preliminary Approval Order, declines to enter the Final Approval Order and Judgment or the Final Approval Order and Judgment does not become Final (as described in Paragraph 10.1(e) of this Agreement), Practice Resources may at its sole discretion terminate this Agreement on five (5) Business Days written notice from Practice Resources' Counsel to Class Counsel.

10.3    In the event the terms or conditions of this Settlement Agreement are materially modified by any court, any Party, in its sole discretion, may declare this Settlement Agreement null and void within fourteen (14) days after such modification. In the event of a material modification by any court, and in the event the Parties do not exercise their unilateral options to withdraw from this Settlement Agreement pursuant to this Paragraph, the Parties shall meet and confer within seven (7) days of such ruling to attempt to reach an agreement as to how best to effectuate the court-ordered modification. For the avoidance of doubt, a "material modification" shall not include any reduction by the Court of the Fee Award and Costs and/or Service Awards.

10.4    Except as otherwise provided herein, in the event the Settlement is terminated, the Parties to this Agreement, including Class Members, shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of this Agreement, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered. In addition, the Parties agree that in the event the Settlement is terminated, any orders entered pursuant to the Agreement shall be deemed null and void and vacated and shall not be used in or cited by any person or entity in support of claims or defenses.

10.5    In the event this Agreement is terminated pursuant to any provision herein, then the Settlement proposed herein shall become null and void (with the exception of Sections 10.5 and 10.6 herein) and shall have no legal effect. The Parties will return to their respective positions existing immediately before the execution of this Agreement.

10.6    Notwithstanding any provision of this Agreement, in the event this Agreement is not approved by any court or terminated for any reason, the Settlement set forth in this Agreement is declared null and void or the Effective Date does not occur (collectively, a "Termination Event"), Class Members, Plaintiffs and Class Counsel shall not in any way be responsible or liable for any of the Administrative Expenses, or any expenses, including costs of notice and administration associated with this Settlement or this Agreement, except that each Party shall bear its own attorneys' fees and costs. In the event of a Termination Event, then (a) this Settlement Agreement shall be null and void and of no force and effect; (b) the Settlement Fund and any and all interest earned thereon, less monies expended toward settlement administration, will be returned to Practice Resources within 10 days after the date the Settlement Agreement becomes null and void; and (c) any release shall be of no force or effect. In such event, unless the Parties can negotiate a

modified settlement agreement, the Action will revert to the status that existed before the Settlement Agreement's execution date; the Parties will each be returned to their respective procedural postures in the litigation, and neither the Settlement Agreement nor any facts concerning its negotiation, discussion or terms will be admissible in evidence for any purpose in the Action (or in any other litigation).

## 11.    NO ADMISSION OF WRONGDOING OR LIABILITY

11.1    This Agreement, whether or not consummated, any communications and negotiations relating to this Agreement or the Settlement, and any proceedings taken pursuant to the Agreement:

(a)    shall not be offered or received against Practice Resources as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by Practice Resources with respect to the truth of any fact alleged by any Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty or wrongdoing of Practice Resources;

(b)    shall not be offered or received against Practice Resources as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Practice Resources;

(c)    shall not be offered or received against Practice Resources as evidence of a presumption, concession or admission with respect to any liability, negligence, fault, breach of duty, or wrongdoing, or in any way referred to for any other reason as against Practice Resources, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, the Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)    shall not be construed against Practice Resources as an admission or concession that the consideration to be given hereunder represents the relief that could be or would have been awarded after trial; and

(e)    shall not be construed as or received in evidence as an admission, concession or presumption against the Class Representatives or any Class Member that any of their claims are without merit or that any defenses asserted by Practice Resources have any merit.

**12.     REPRESENTATIONS**

12.1    Each Party represents that: (i) such Party has full legal right, power and authority to enter into and perform this Agreement, subject to Court approval; (ii) the execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party; (iii) this Agreement constitutes a valid, binding and enforceable agreement; and (iv) no consent or approval of any person or entity is necessary for such Party to enter into this Agreement.

**13.     NOTICE**

13.1    All notices to Class Counsel provided for in this Agreement shall be sent by email (to all email addresses set forth below) and by First-Class mail to all of the following:

> **MIGLIACCIO & RATHOD LLP**
> Nicholas A. Migliaccio
> 412 H. St. NE, Suite 302
> Washington, DC 20002
> T: (202) 470-3520
> nmigliaccio@classlawdc.com
>
> *Settlement Class Counsel*
>
> **WEITZ & LUXENBERG P.C.**
> James J. Bilsborrow
> 700 Broadway
> New York, NY 10003
> jbilsborrow@weitzlux.com
>
> *Settlement Class Counsel*
>
> **ALMEIDA LAW GROUP LLC**
> David S. Almeida
> 849 W. Webster Avenue
> Chicago, IL 60614
> david@almeidalawgroup.com
>
> *Settlement Class Counsel*

13.2    All notices to Practice Resources or Practice Resources' Counsel provided for in this Agreement shall be sent by email and First-Class mail to the following:

> Alexander Scott Dahle
> **JACKSON LEWIS P.C.**

677 Broadway
9th Floor
Albany, NY 12207
alexander.dahle@jacksonlewis.com
T. Chase Samples
**JACKSON LEWIS P.C.**
15 South Main Street
Suite 700
Greenville, SC 29601
chase.samples@jacksonlewis.com

Jackson E. Biesecker
**JACKSON LEWIS P.C.**
Park Center Plaza I, Suite 400
6100 Oak Tree Blvd.
Cleveland, OH 44131
jackson.biesecker@jacksonlewis.com

13.3    All notices to the Settlement Administrator provided for in this Agreement shall be sent by email and First-Class mail to the following address:

[insert]

13.4    The notice recipients and addresses designated in this Section may be changed by written notice.

## 14.    MISCELLANEOUS PROVISIONS

14.1    Representation by Counsel. The Class Representatives and Practice Resources represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks and legal effects of this Agreement and have been given the opportunity to review independently this Agreement with such counsel and agree to the particular language of the provisions herein.

14.2    Best Efforts. The Parties agree that they will make all reasonable efforts to reach the Effective Date and fulfill their obligations under this Agreement.

14.3    Contractual Agreement. The Parties understand and agree that all terms of this Agreement, including the Exhibits hereto, are contractual and are not a mere recital, and each signatory warrants that he, she or it is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that they or it represents.

14.4    Integration. This Agreement constitutes the entire agreement among the Parties, and no representations, warranties or inducements have been made to any Party

26

concerning this Agreement other than the representations, warranties and covenants contained and memorialized herein.

14.5    Drafting. The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentum*. This Settlement Agreement is a collaborative effort of the Parties and their attorneys negotiated on an arm's-length basis between parties of equal bargaining power. Accordingly, this Agreement shall be neutral, and no ambiguity shall be construed in favor of or against any of the Parties. The Parties expressly waive any otherwise applicable presumption(s) that uncertainties in a contract are interpreted against the party who caused the uncertainty to exist.

14.6    Modification or Amendment. This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the persons who executed this Agreement or their successors-in-interest.

14.7    Waiver. The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

14.8    Severability. Should any part, term or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

14.9    Successors. This Settlement Agreement shall be binding upon and inure to the benefit of the heirs, successors and assigns of the Parties hereto.

14.10    Survival. The Parties agree that the terms set forth in this Agreement shall survive the signing of this Agreement.

14.11    Governing Law. All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of New York, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

14.12    Interpretation.

(a)    Definitions apply to the singular and plural forms of each term defined.

(b)    Definitions apply to the masculine, feminine and neutral genders of each term defined.

27

(c)     Whenever the words "include," "includes" or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

14.13   <u>No Precedential Value</u>. The Parties agree and acknowledge that this Agreement carries no precedential value.

14.14   <u>Fair and Reasonable</u>. The Parties and their counsel believe this Agreement is a fair and reasonable compromise of the disputed claims, in the best interest of the Parties and a result of arm's-length negotiations with the assistance of an experienced mediator.

14.15   <u>Retention of Jurisdiction</u>. The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the terms of this Agreement.

14.16   <u>Headings</u>. Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

14.17   <u>Exhibits</u>. The exhibits to this Agreement and any exhibits hereto are an integral and material part of the Settlement. The exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

14.18   <u>Counterparts and Signatures</u>. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts. Digital signatures shall have the same force and effect as the original.

14.19   <u>Facsimile and Electronic Mail</u>. Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

14.20   <u>No Assignment</u>. Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title or interest in or to any of the Released Claims.

14.21   <u>Deadlines</u>. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next Business Day. All reference to "days" in this Agreement shall refer to calendar days, unless otherwise specified. The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

14.22  <u>Dollar Amounts</u>. All dollar amounts are in United States dollars, unless otherwise expressly stated.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be duly executed by their duly authorized counsel:


**MIGLIACCIO & RATHOD LLP**

Dated: March 27, 2024

_____
Nicholas A. Migliaccio
*Settlement Class Counsel*


**WEITZ & LUXENBERG P.C.**

Dated: March 27, 2024

_____
James J. Bilsborrow
*Settlement Class Counsel*


**ALMEIDA LAW GROUP LLC**

Dated: March 27, 2024

_____
David S. Almeida
*Settlement Class Counsel*


**JACKSON LEWIS P.C.**

Dated: March 27, 2024

/s/ *T. Chase Samples*
T. Chase Samples
*Counsel for Defendant, Practice Resources*

# EXHIBIT A

## PRACTICE RESOURCES, LLC DATA BREACH

## SETTLEMENT CLAIM FORM

This Claim Form should be filled out and submitted by mail if you received notice that your Private Information may have been potentially compromised in the Data Breach that occurred within Practice Resources, LLC on or around April 12, 2022. Each Settlement Class Member may submit a claim for one of the following: (a) You may submit a claim for up to $5,000.00 for documented losses remedying the effects of the Data Breach; (b) you may enroll in complimentary Credit Monitoring and Insurance Services through [vendor] for a period of three years from the Effective Date of the Settlement; or (c) in the alternative to documented losses or credit monitoring and insurance services, you may submit a claim to receive a cash payment.

Please refer to the Settlement Notice posted on the settlement website, www.website.com, for more information.

### THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY: [90 DAYS AFTER NOTICE DATE]

### CLASS MEMBER INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form and the Settlement.

First Name: _____  M: _____  Last: _____

Address: _____

City: _____  State: _____  ZIP: _____  Country: _____

Phone: _____  Email (*Optional*):_____

### SETTLEMENT BENEFITS

You may submit a claim for EITHER a (1) Document Loss Payment, (2) Credit Monitoring and Insurance Services, OR (3) Cash Fund Payment.

### 1.  Documented Loss Payment

You may recover payment to compensate you for the time you spent addressing the Data Breach, up to $5,000.00. These expenses or time must have been incurred between April 12, 2022, and [90 days after the Notice Deadline]. Please refer to the Settlement Notice for more information.

☐ **YES, please provide me with a Documented Loss Payment. I do <u>not</u> want the Credit Monitoring and Insurance Services or the Cash Fund Payment.**

To help us determine if you are entitled to a Documented Loss Payment, please provide as much information as possible.

The types of expenses that you may claim include fees or other charges (e.g., unreimbursed bank fees related to fraud or identity theft, credit monitoring, etc.) and other incidental expenses (e.g., postage, long distance charges, etc.) you incurred addressing the Data Breach. The Settlement Notice further describes the types of available

Questions? Call _____ or visit _____

1

expenses in greater detail and the Reasonable Documentation required to support the expenses. Please refer to that document for more information.

| Date | Description | Amount |
|------|-------------|--------|
|      |             |        |
|      |             |        |
|      |             |        |
|      |             |        |
|      |             |        |

**Documentation is required for claimed expenses**. Please be sure to include documentation to expedite the processing of your claim. For example, a bank statement showing claimed fees (you may redact unrelated transactions and all but the last four digits of any account number).

The information supplied in this Claim Form is true and correct to the best of my recollection.  I understand that I may be asked to provide supplemental information by the Claims Administrator before my claim will be considered complete and valid. I further understand that, should I not be able to provide reasonable documentation supporting my Documented Loss Payment claim, or if my claim for a Documented Loss Payment is rejected for any reason, I will be automatically placed into the Cash Fund Payment category instead.

Print Name: _____

Signature: _____    Date: _____

## 2. Credit Monitoring and Insurance Services

You may claim identity theft protection services through [vendor] for a period of up to three years by checking the box below and submitting this form.  No additional documentation is needed.

☐ **YES, please provide me with Credit Monitoring and Insurance Services. I do <u>not</u> want the Document Loss Payment or the Cash Fund Payment.**

**Please provide your email address above.  When the Settlement becomes effective, you will receive via email an activation code to use to enroll directly with [vendor]. You must both file this claim form and use the code that will be sent to you to enroll in the service in order to receive the identity theft protection and insurance services.**

## 3. Cash Fund Payment

You may claim a Cash Fund Payment to receive a pro rata Settlement Payment in cash (if money remains in the Net Settlement Fund) by checking the box below and submitting this form.  No additional documentation is needed. Please refer to the Settlement Notice for more information.

☐ **YES, please provide me with a Cash Fund Payment. I do <u>not</u> want the Documented Loss Payment or the Credit Monitoring and Insurance Services.**

* * *

Questions? Call _____ or visit _____

The deadline to submit this Claim Form and all required supporting documentation is **[90 days after the Notice Deadline]**:

This Claim Form may be submitted online at www.website.com or completed and mailed to the address below. Please type or legibly print all requested information, in blue or black ink.  Mail your completed Claim Form, along with any supporting documentation, by U.S. Mail to:

*In re Practice Resources, LLC* Data Security Breach

Claims Administrator

**[Street Address]**

**[City, State, Zip Code]**

DO NOT SEND THIS CLAIM FORM TO THE COURT

Questions?  Call _____ or visit _____

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PRACTICE RESOURCES, LLC DATA SECURITY BREACH LITIGATION | Case No: 6:22-cv-00890-LEK-DJS |

## <u>ORDER GRANTING FINAL APPROVAL</u>

**WHEREAS**, this Court, on [*month day, year*], entered an Order preliminarily approving the proposed Class Action Settlement pursuant to the terms of the Parties' Settlement Agreement and directing that Notice be provided to the Settlement Class.

**WHEREAS**, pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to object or opt-out, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether the Final Approval Order and Judgment should be entered dismissing this Action with prejudice;

**WHEREAS**, a Final Approval Hearing was held on [*month day, year*]. Settlement Class Members were notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement, the award of attorney's fees, costs, and expenses to Class Counsel, and requested Service Awards to Class Representatives.

**NOW, THEREFORE**, the Court having heard the presentation of Settlement Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with

1

respect to the proposed Settlement, having determined that the Settlement is fair, reasonable, and adequate, having considered the application for attorney's fees, expenses, and costs made by Settlement Class Counsel and the application for Service Awards to the Class Representatives, and having reviewed the materials in support thereof, and good cause appearing:

**THIS COURT FINDS AND ORDERS AS FOLLOWS:**

1.    This Final Approval Order hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein, except as otherwise expressly defined herein, shall have the same meaning as set forth in the Settlement Agreement.

2.    For purposes only of the settlement of the Released Claims as to the Released Parties set forth in the Settlement Agreement (the "Settlement"), the Court hereby finally certifies the Settlement Class, as defined in the Court's [*month day, year*] Preliminary Approval Order. ECF No. [xx]. Based on the record, the Court reconfirms the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

3.    In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all of the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(3).

4.    The Court hereby finds, in the specific context of this Settlement, that: (i) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable, Fed. R. Civ. P. 23(a)(l); (ii) common questions of law and fact exist with regard to the Settlement Class, Fed. R. Civ. P. 23(a)(2); (iii) Plaintiffs' claims in this litigation are typical of those of Settlement Class Members, Fed. R. Civ. P. 23(a)(3); and (iv) Plaintiffs' interests do not conflict with, and are coextensive with, those of absent Settlement Class Members, all of whose claims

arise from the identical factual predicate, and Plaintiffs and Settlement Class Counsel have adequately represented the interests of all Settlement Class Members, Fed. R. Civ. P. 23(a)(4).

5.      The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. Fed. R. Civ. P. 23(b)(3).

6.      This Court has personal jurisdiction over Plaintiffs, Practice Resources, LLC (in this Action only and for purposes of this Settlement), and all Settlement Class Members and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto under 28 U.S.C. § 1332(d)(2).

7.      The Court finds that the Class Notice, website, and Notice Plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Final Approval Hearing, of Plaintiffs Counsel's application for an award of attorneys' fee and expenses, and of Plaintiffs' application for a Service Award associated with the Action; (c) provided a full and fair opportunity to all Settlement Class Members to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law.

8.      There are [*xx*] objections and [*xx*] request for exclusion (*i.e.*, opt-outs) to the Settlement. Any Settlement Class Members who timely and properly opted out from the settlement are identified in Exhibit [*xx*].

9.     The Settlement Class, which will be bound by this Final Approval Order, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

10.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement.

11.     This Court finds that the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including Plaintiffs.

12.     This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, that Settlement Class Counsel and Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the Settlement Class is adequate, and that the Settlement Agreement treats Settlement Class Members equitably relative to each other.

13.     Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

14.     Notwithstanding the entry of this Final Approval Order, if the Settlement Agreement is validly terminated by Plaintiffs or Practice Resources, LLC, is disapproved or materially modified in whole or in part by the Court, any appellate court, or any other court of review, or does not become final, then the provisions of this Final Approval Order dismissing Plaintiffs' claims shall be null and void with respect to such Settlement; Plaintiffs' claims shall be reinstated; Practice Resources, LLC's defenses shall be reinstated; the certification of the

4

Settlement Class and final approval of the proposed Settlement, and all actions associated with them, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions as of the Execution Date of the Settlement Agreement. Notwithstanding the language in this Paragraph, any provision(s) in the Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

15.    The Escrow Account defined in the Settlement Agreement shall be established as a trust and as a fiduciary account (the "Settlement Fiduciary Account"). The Court approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, and the Treasury Regulations promulgated thereunder.

16.    Without affecting the finality of the Final Approval Order for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order. The Court also retains exclusive jurisdiction over the Settlement, the Settlement Agreement, enforcement of Court orders relating to the Settlement and the Settlement Agreement, and the administration and consummation of the Settlement.

17.    In addition, without affecting the finality of this Final Approval Order, Plaintiffs, Practice Resources, LLC, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the U.S. District Court for the Northern District of New York for any suit, action,

proceeding, or dispute arising out of or relating to this Final Approval Order or the Settlement

Agreement. Any disputes involving Plaintiffs, Practice Resources, LLC, or Settlement Class

Members concerning the implementation of the Settlement Agreement shall be submitted to the

Court.

18.     Each Settling Class Member must execute a release and covenant not to sue in

conformity with the Settlement Agreement, set forth in the Claim Form and Release, in order to

receive any Settlement Relief defined in the Settlement Agreement. Notwithstanding the

foregoing, each Settling Class Member's claim shall be released pursuant to Section 4 of the

Settlement Agreement, regardless of whether the Settling Class Member executes a release and

covenant not to sue pursuant to this paragraph.

19.     The Court hereby confirms the appointment of Migliaccio & Rathod LLP, Weitz

& Luxenberg P.C., and Almeida Law Group LLC as Settlement Class Counsel.

20.     The Court hereby confirms the appointment of Plaintiffs James Stewart, Susan

Stewart, John Bachura, Brenda Sparks, and Steven N. Esce as Class Representatives.

21.     The Court hereby confirms the appointment of KCC, LLC as Settlement

Administrator.

22.     The Court hereby approves the Releasing Parties' release of their Released Claims

as set forth in the Settlement Agreement and this Final Approval Order as of the Effective Date.[1]

---

[1]     The release under the Settlement Agreement, Section 4, provides as follows: Upon the
Effective Date, and in consideration of the Settlement Benefits described herein, the Class
Representatives and all Class Members identified in the settlement class list in accordance with
Section 6.4, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors,
and successors, and any other person purporting to claim on their behalf, release and discharge
all Released Claims, including Unknown Claims, against each of the Released Parties and agree
to refrain from instituting, directing or maintaining any lawsuit, contested matter, adversary
proceeding, or miscellaneous proceeding against each of the Released Parties that relates to the
Data Breach or otherwise arises out of the same facts and circumstances set forth in the class

23.     As of the Effective Date as defined in the Settlement Agreement, the release set forth in the Settlement Agreement shall be binding upon Plaintiffs, the Settlement Class, and the Releasing Parties as to Practice Resources, LLC and the Released Parties.

24.     The Court declares that the Settlement Agreement and the Final Approval Order shall be binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings against Practice Resources, LLC involving Released Claims(s), and shall also be binding on the Releasing Parties and their respective successors and assigns, regardless of whether the Releasing Party previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Releasing Party never received actual notice of the Action or the Settlement.

25.     The Court permanently bars and enjoins Releasing Parties from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against Practice Resources, LLC or any of the Released Parties based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against Practice Resources, LLC or any of the Released Parties based on the Released Claims; or (c) organizing Settlement Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative,

---

action complaint in this Action. This Settlement releases claims against only the Released Parties. This Settlement does not release, and it is not the intention of the Parties to this Settlement to release, any claims against any third party. Nor does this Release apply to any Class Member who timely excludes himself or herself from the Settlement.

regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against Practice Resources, LLC or any of the Released Parties based on the Released Claims.

26.     Neither the Settlement Agreement, nor its exhibits), whether or not it shall become final, nor any negotiations, documents exchanged among Class Counsel and Practice Resources, LLC in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Practice Resources, LLC or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; or (d) the propriety of certification of a class other than solely for purposes of the Settlement. Further, the Settlement negotiations, including any documents exchanged among Settlement Class Counsel and Practice Resources, LLC and any discussions associated with them, may not be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Action) in which the Settlement Agreement is asserted as a defense.

27.     The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settling Class Members.

28.     Any data or other information provided by Settlement Class Members in connection with the submission of claims shall be held in strict confidence, available only to the

Settlement Administrator, Class Counsel, Practice Resources, LLC's Counsel and experts or consultants acting on behalf of the Settlement Class. In no event shall a Settlement Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

29.     The Claim Form and Release referenced in the Settlement Agreement in Section 7.1(a) & exhibit A thereto is approved as fair, reasonable, and adequate.

30.     Settlement Class Counsel's request for attorneys' fees and expenses and Plaintiffs' application for Service Awards shall be the subject of a separate order by the Court.

31.     Should any remaining amount of the Net Settlement Fund be economically not distributable, the Parties shall petition the Court for permission to distribute the remaining funds to an approved non-profit recipient, providing the Court with details of the proposed non-profit recipient.

**SO ORDERED** this _____ day of _____, _____.

_____
The Honorable Lawrence E. Kahn
United States District Court Judge

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

IN RE PRACTICE RESOURCES, LLC
DATA SECURITY BREACH LITIGATION

Case No: 6:22-cv-00890-LEK-DJS

## FINAL JUDGMENT AND ORDER OF DISMISSAL

After conducting a final approval hearing on [*month day, year*], the Court granted

Plaintiffs' motion for final approval of the Class Action Settlement with Practice Resources,

LLC, and Plaintiffs' motion for an award of attorney's fees, costs, and payment of Service

Awards to the Settlement Class Representatives. Judgment is hereby **ENTERED**.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      This Final Judgment hereby incorporates by reference the definitions in the

Settlement Agreement with Practice Resources, LLC dated [*month day, year*] (the "Settlement

Agreement"), and all terms used herein, except as otherwise expressly defined herein, shall have

the same meanings as set forth in the Settlement Agreement.

2.      The Court finds that it has subject matter jurisdiction under 28 U.S.C. §

1332(d)(2) to enter this Final Judgment and that it has personal jurisdiction over Plaintiffs,

Practice Resources, LLC (in this Action only and for purposes of this Settlement), and all

Settlement Class Members.

3.      Upon the Settlement Agreement becoming effective in accordance with its terms,

all of the following claims shall be released. Specifically, per Section 4 of the Settlement

Agreement:

Upon the Effective Date, and in consideration of the Settlement Benefits described herein, the Class Representatives and all Class Members identified in the settlement class list in accordance with Section 6.4, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, release and discharge all Released Claims, including Unknown Claims, against each of the Released Parties and agree to refrain from instituting, directing or maintaining any lawsuit, contested matter, adversary proceeding, or miscellaneous proceeding against each of the Released Parties that relates to the Data Breach or otherwise arises out of the same facts and circumstances set forth in the class action complaint in this Action. This Settlement releases claims against only the Released Parties. This Settlement does not release, and it is not the intention of the Parties to this Settlement to release, any claims against any third party. Nor does this Release apply to any Class Member who timely excludes himself or herself from the Settlement.

4.      The Action and all Released Claims against Practice Resources, LLC and the Released Parties are hereby dismissed with prejudice and without fees or costs, other than as specified in the Settlement Agreement, including those costs of Notice and administration; Service Awards to the Class Representatives; and Attorneys' Fee Award and Costs.

5.      The Court, finding no just reason for delay, directs pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that the judgment of dismissal as to Practice Resources, LLC shall be final and entered forthwith.

**SO ORDERED** this _____ day of _____, _____.

_____
The Honorable Lawrence E. Kahn
United States District Court Judge

# EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK

# If you were notified that your Private Information may have been compromised in the Practice Resources, LLC Data Breach, you may be entitled to benefits from a class action settlement.

*A federal district court authorized this Notice. This is not a solicitation from a lawyer.*

- A settlement has been proposed in a class action lawsuit against Practice Resources, LLC ("Defendant" or "Practice Resources") relating to a targeted cybersecurity attack culminating in ransomware, which Practice Resources discovered on or around April 12, 2022 (the "Data Breach").

- If your full name, home address, dates of treatment, health plan numbers and/or medical record numbers (collectively, "Private Information"), may have been compromised in the Data Breach, including all individuals who were sent the Notice of Data Privacy Incident on or around August 23, 2022, you are included in this Settlement as a "Settlement Class Member."

- The Settlement provides Settlement Class Members with their choice of: (1) compensation for unreimbursed losses (up to $5,000), (2) up to three years of credit monitoring and insurance services, or (3) a cash payment.

- Your legal rights are affected regardless of whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM | This is the only way you can get benefits from this Settlement. |
| EXCLUDE YOURSELF FROM THE SETTLEMENT | Do not get a settlement benefit. This is the only option that allows you to be part of any other lawsuit against the Defendant for the legal claims made in this case and released by the Settlement. |
| OBJECT TO THE SETTLEMENT | Write to the Court with reasons why you do not agree with the Settlement. |
| GO TO THE FINAL FAIRNESS HEARING | You may ask the Court for permission for you or your attorney to speak about your objection at the Final Fairness Hearing. |
| DO NOTHING | You will not get a benefit from this Settlement and you will give up certain legal rights. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice. For complete details, view the Class Action Settlement Agreement and Release, available at www.[website].com.

- The Court in charge of this case still has to decide whether to approve the Settlement. If the Court denies final approval, the Settlement will be null and void and the litigation will continue with the Defendant.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 3**

    1.  Why is this Notice being provided?
    2.  What is this lawsuit about?
    3.  What is a class action?
    4.  Why is there a settlement?

**WHO IS INCLUDED IN THE SETTLEMENT?** . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 3**

    5.  How do I know if I am part of the Settlement?
    6.  Are there exceptions to being included in the Settlement?
    7.  I am still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 4**

    8.  What does the Settlement provide?
    9.  Tell me about the compensation for documented losses.
    10.  Tell me about the credit monitoring and insurance services.
    11.  Tell me about the cash option.

**HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 5**

    12.  How do I get a Settlement benefit?
    13.  When will I get my Settlement benefit?
    14.  What am I giving up to get a Settlement benefit or stay in the Settlement?
    15.  What are the Released Claims?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . **PAGE 6**

    16.  How do I get out of the Settlement?
    17.  If I exclude myself, can I still get a benefit from the Settlement?
    18.  If I do not exclude myself, can I sue the Defendant for the same thing later?

**THE LAWYERS REPRESENTING YOU** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 6**

    19.  Do I have a lawyer in this case?
    20.  How will Class Counsel be paid?

**OBJECTING TO THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 6**

    21.  How do I tell the Court that I do not like the Settlement?
    22.  What is the difference between objecting to and excluding myself from the Settlement?

**THE COURT'S FINAL FAIRNESS HEARING** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 7**

    23.  When and where will the Court decide whether to approve the Settlement?
    24.  Do I have to come to the Final Fairness Hearing?
    25.  May I speak at the Final Fairness Hearing?

**IF YOU DO NOTHING** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 8**

    26.  What happens if I do nothing?

**GETTING MORE INFORMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 8**

    27.  How do I get more information?

## BASIC INFORMATION

| 1.   Why is this Notice being provided? |
| --- |

The Court directed that this Notice be provided because you have a right to know about a proposed settlement that has been reached in this class action lawsuit and about all of your options before the Court decides whether to grant final approval to the Settlement. If the Court approves the Settlement, and after objections or appeals, if any, are resolved, the Settlement Administrator appointed by the Court will distribute the benefits that the Settlement allows. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the Northern District of New York. The case is known as *In re Practice Resources, LLC Data Security Breach Litigation*, No. 6:22-cv-00890-LEK-DJS (N.D.N.Y.) (the "Action"). The people who filed the lawsuit are called Plaintiffs and the company they sued, Practice Resources, LLC, is called the Defendant or Practice Resources.

| 2.   What is this lawsuit about? |
| --- |

Plaintiffs claim that, due to a targeted cybersecurity attack culminating in ransomware, an unauthorized third party gained access to the names, home addresses, dates of treatment, health plan numbers and/or medical record numbers ("Private Information") of consumers, which Practice Resources discovered on or around April 12, 2022 (the "Data Breach").

Practice Resources has denied and continues to deny all of the claims made in the Action, as well as all charges of wrongdoing, fault, violation of law, or liability of any kind.

| 3.   What is a class action? |
| --- |

In a class action, one or more people called Class Representatives (in this case, James Stewart, Susan Stewart, John Bachura, Brenda Sparks and Steven N. Esce) sue on behalf of people who have similar claims. Together, all these people are called a Class or Class Members. One Court resolves the issues for all Class Members, except for those who exclude themselves from the Settlement Class.

| 4.   Why is there a settlement? |
| --- |

The Court did not decide in favor of the Plaintiffs or the Defendant. Instead, the Plaintiffs negotiated a settlement with the Defendant that allows them to avoid the risks and costs of lengthy and uncertain litigation and the uncertainty of a trial and appeals. It also allows Settlement Class Members to be compensated without further delay. The Class Representatives and their attorneys think the Settlement is best for all Settlement Class Members.

## WHO IS INCLUDED IN THE SETTLEMENT?

| 5.   How do I know if I am part of the Settlement? |
| --- |

You are part of this Settlement as a Settlement Class Member if your Private Information may have been compromised in the Data Breach, including all individuals who were sent the Notice of Data Privacy Incident on or around August 23, 2022.

| 6.   Are there exceptions to being included in the Settlement? |
| --- |

Yes. Excluded from the Settlement Class are: (i) the Judges presiding over the Action and members of their immediate families and their staff; (ii) Practice Resources, its subsidiaries, parent companies, successors, predecessors, and any entity in which Practice Resources or its parents, have a controlling interest, and its current or former officers and directors; (iii) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period and (iv) the successors or assigns of any such excluded natural person.

| 7.   I am still not sure if I am included. |
| --- |

If you are still not sure whether you are included, you can call 1-___-___-____ or visit www.[website].com for more information.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

| 8.   What does the Settlement provide? |
| --- |

The Settlement provides Settlement Class Members with their choice of (1) compensation for documented losses (up to $5,000), (2) up to three years of credit monitoring and insurance services, **or** (3) a cash payment.

Practice Resources has agreed to pay a total of $1,500,000 into a Settlement Fund. The Settlement Fund will be used to make payments for: (i) Administrative Expenses, (ii) Fee Award and Costs, (iii) Service Awards and (iv) taxes. The remaining amount is the "Net Settlement Fund." The Net Settlement Fund will first be used to pay for valid claims for credit monitoring and insurance services. If Net Settlement Funds remain after paying for those services, the remaining Net Settlement Funds will be used to pay for valid claims for documented losses. If any Net Settlement Funds remain after paying for valid claims for credit monitoring and insurance services or for documented losses, the remaining Net Settlement Funds will be divided among the valid claims submitted for cash payments.

If the total valid claims for credit monitoring and insurance services exceeds the total amount of the Net Settlement Fund, the duration of the credit monitoring and insurance service coverage will be reduced to exhaust the fund. If that happens, no money will be distributed to valid claims for documented losses or for cash payments.

If the total valid claims for credit monitoring and insurance services and the valid claims for documented losses exceeds the total amount of the Net Settlement Fund, the value of payments made to valid claims for documented losses will be reduced on a pro rata basis. If this happens, no money will be available for cash payments.

| **9. Tell me about the compensation for documented losses.** |
| --- |

Each Settlement Class Member who submits a valid Claim Form and opts to receive reimbursement for documented losses may receive up to $5,000.00 ("Documented Loss Payment"). A "Documented Loss" refers to monetary losses incurred and supported by documents including, but not limited to, credit card statements, bank statements, invoices, telephone records and receipts ("Reasonable Documentation"). Documented Loss must be supported by Reasonable Documentation that a Class Member actually incurred unreimbursed losses and consequential expenses that are more likely than not traceable to the Data Breach and incurred on or after April 12, 2022.

To receive a Documented Loss Payment, a Class Member must choose to do so on their Claim Form and submit to the Settlement Administrator the following:

i.    a valid Claim Form electing to receive the Documented Loss Payment benefit;

ii.   an attestation regarding any actual and unreimbursed Documented Loss made under penalty of perjury; and

iii.  Reasonable Documentation that demonstrates the Documented Loss to be reimbursed pursuant to the terms of the Settlement.

Documented Loss costs <u>cannot</u> be documented solely by a personal certification, declaration, or affidavit.

If you do not submit Reasonable Documentation supporting your Documented Loss Payment claim, or if your claim for a Documented Loss Payment is rejected by the Settlement Administrator for any reason, and you fail to correct your claim, the claim will be rejected and you will automatically be placed into the Cash Fund Payment category.

| **10. Tell me about the credit monitoring and insurance services.** |
| --- |

Each Settlement Class Member who submits a valid Claim Form and opts to receive credit monitoring and insurance services will receive up to three years of [insert service] provided by [insert provider] ("Credit Monitoring and Insurance Services" or "CMIS"). The [insert service] subscription will include (1) three-bureau credit monitoring and (2) $1,000,000 in identity theft insurance.

The Credit Monitoring and Insurance Services will be available to Settlement Class Members regardless of whether they took advantage of any previous offering of credit monitoring from Practice Resources. If you choose to use a previous offering of CMIS from Practice Resources or if you received CMIS from another provider as a result of the Data Breach, you may delay your activation of the CMIS benefit for up to 12 months.

| **11. Tell me about the cash option.** |
| --- |

Each Settlement Class Member who submits a valid Claim Form and selects the cash option will receive a *pro rata* payment from the Net Settlement Fund. This cash option, also called the "Cash Fund Payment," may be selected instead of the Documented Loss Payment or CMIS described above. The amount of the Cash Fund Payment will be increased or decreased on a pro rata basis depending upon the number of valid claims filed and the amount of funds available from the Net Settlement

Fund and after paying for valid CMIS and Documented Loss Payments claims made by Settlement Class Members (the "Post CM/DL Net Settlement Fund"). The Post CM/DL Net Settlement Fund will be distributed by the number of valid claims submitted for Cash Fund Payments. If no money remains after paying for valid claims for CMIS and Documented Loss Payments, Settlement Class Members who submit valid claims for Cash Fund Payment will receive nothing.

## HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM

| **12.  How do I get a Settlement benefit?** |
|---|

To qualify for a settlement benefit, you must complete and submit a Claim Form by **Month __, 2024**. Claim Forms are available and may be filed online at www.[website].com. Claim Forms are also available by calling 1-___-___-____ or by writing to:  *In re Practice Resources, LLC Data Security Breach Litig.* Settlement Administrator, P.O. Box _____, City, ST _____-____.

| **13.  When will I get my Settlement benefit?** |
|---|

The Court will hold a Final Fairness Hearing at __:_0_.m. on Month __, 2024, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether any appeals can be resolved favorably, and resolving them can take time, perhaps more than a year.

| **14.  What am I giving up to get a Settlement benefit or stay in the Settlement?** |
|---|

Unless you exclude yourself from the Settlement, you will release certain legal claims as they relate to the Settlement. This means that you will no longer be able to sue, continue to sue, or be part of any other lawsuit against Practice Resources and its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments and any and all of its past, present and future officers, directors, employees, equity holders, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing (the "Released Parties") about the claims made in this Action and released by the Settlement Agreement. You will be legally bound by all of the Court's orders, as well as the "Released Claims," below.

| **15.  What are the Released Claims?** |
|---|

"Released Claims" means any claim, liability, right, demand, suit, obligation, damage, including consequential damage, loss or cost, punitive damage, attorneys' fees, costs and expenses, action or cause of action, of every kind or description—whether known or Unknown (as the term "Unknown Claims" is defined herein), suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory or equitable—that was or could have been asserted on behalf of the Settlement Class in the Action related to or arising from the Data Breach regardless of whether the claims or causes of action are based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other source, and regardless of whether they are foreseen or unforeseen, suspected or unsuspected or fixed or contingent, arising out of, or related or connected in any way with the claims or causes of action of every kind and description that were brought, alleged, argued, raised or asserted in any pleading or court filing in the Action.

"Unknown Claims" means any and all Released Claims that Practice Resources or any Class Representative or Class Member does not know or suspect to exist as of the Effective Date and which, if known might have materially affected their decision(s) with respect to the Settlement. Class Representatives and Class Counsel acknowledge, and each Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| **16.  How do I get out of the Settlement?** |
|---|

To exclude yourself from the Settlement, you must send a letter by mail to the Settlement Administrator. Your letter must include:

1) your full name, current address, and telephone number;
2) your unique identifier or the unique identifier of the Settlement Class Member seeking exclusion;
3) the name of your lawyer, if you have one;
4) your signature; and

5) a statement such as "I hereby request to be excluded from the proposed Settlement Class in '*In re Practice Resources, LLC Data Security Breach Litigation.*'" indicating you do not wish to participate in the Settlement or you want to opt-out of the Settlement.

You must mail your exclusion request, postmarked no later than **Month __, 2024,** to:

*In re Practice Resources, LLC Data Security Breach Litig.* Settlement Administrator
P.O. Box _____
City, ST _____-____

### 17. If I exclude myself, can I still get a benefit from the Settlement?

No. If you exclude yourself from the Settlement, do not send in a Claim Form to ask for a settlement benefit because you will no longer be eligible for one.

### 18. If I do not exclude myself, can I sue the Defendant for the same thing later?

No. If you stay in the Settlement (*i.e.*, do nothing or do not exclude yourself from the Settlement), you give up any right to separately sue the Defendant for the claims released by the Settlement Agreement.

## THE LAWYERS REPRESENTING YOU

### 19. Do I have a lawyer in this case?

Yes. The Court appointed Nicholas A. Migliaccio of Migliaccio & Rathod LLP, James J. Bilsborrow of Weitz & Luxenberg P.C. and David S. Almeida of Almeida Law Group LLC to represent you and other Settlement Class Members. These lawyers are called Class Counsel. These lawyers and their firms are experienced in handling similar cases. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 20. How will Class Counsel be paid?

If the Settlement is approved and becomes final, Class Counsel will ask the Court to award attorneys' fees of up to one third ($500,000) of the Settlement Fund plus litigation expenses and costs, as well as $2,500 Service Awards to each of the Class Representatives. If approved, these amounts, as well as the costs of notice and settlement administration, will be deducted from the Settlement Fund before providing benefits to Settlement Class Members who submit a valid Claim Form.

## OBJECTING TO THE SETTLEMENT

### 21. How do I tell the Court that I do not like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve the Settlement. The Court will consider your views before making a decision. To object, you must file a written objection with the Court by **Month __, 2024**.

Your objection must include:

1) the name of the case (*In re Practice Resources, LLC Data Security Breach Litigation*, No. 6:22-cv-00890-LEK-DJS (N.D.N.Y.));
2) your full name, current address, and telephone number;
3) a statement that you believe you are part of the Settlement Class;
4) proof that you are a member of the Settlement Class (for example, include a copy of the settlement notice or copy of the original notice of the Data Breach);
5) the reasons why you object to the Settlement, including any documents supporting your objection;
6) a statement whether your objection applies only to you, to a subset of the Settlement Class, or the entire Settlement Class;
7) the name and address of your attorney if you have retained one to represent you in this Action;
8) a list, including case name, court, and docket number, of all other cases in which you and/or your attorney has filed an objection to any proposed class action settlement in the past 5 years;
9) a statement indicating whether you or your attorney intend to appear at the Final Fairness Hearing; and
10) your signature or the signature of your attorney.

Your objection must be mailed to, or personally filed with, the Clerk of the United States District Court for the Northern District of New York, James T. Foley Courthouse, Suite 509, 445 Broadway, Albany, New York 12207 by **Month __, 2024.** You must also mail copies of your objection to Class Counsel and Counsel for Practice Resources postmarked no later than **Month __, 2024,** at the addresses below.

| Counsel for Defendants | Class Counsel | | |
|---|---|---|---|
| Alexander Scott Dahle<br>**JACKSON LEWIS P.C.**<br>677 Broadway<br>9th Floor<br>Albany, NY 2207 | Nicholas A. Migliaccio<br>**MIGLIACCIO &<br>RATHOD LLP**<br>412 H. St. NE,<br>Washington, DC 20002 | James J. Bilsborrow<br>**WEITZ &<br>LUXENBERG P.C.**<br>700 Broadway<br>New York, NY 10003 | David S. Almeida<br>**ALMEIDA LAW<br>GROUP LLC**<br>849 W. Webster Avenue<br>Chicago, IL 60614 |

### 22.  What is the difference between objecting to and excluding myself from the Settlement?

Objecting is telling the Court that you do not like something about the Settlement. Excluding yourself is telling the Court that you do not want to be part of the Class in this Settlement. If you exclude yourself from the Settlement, you have no basis to object or file a claim because the Settlement no longer applies to you.

### THE COURT'S FINAL FAIRNESS HEARING

### 23.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Fairness Hearing at **__:_0_**.m. on **Month __**, 2024, at the James T. Foley Courthouse, Suite 509, 445 Broadway, Albany, New York 12207. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will take into consideration any properly-filed written objections and may also listen to people who have asked to speak at the hearing (*see* Question 21). The Court will also decide whether to approve payments of fees, expenses, and service awards.

### 24.  Do I have to come to the Final Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you file an objection, you do not have to come to Court to talk about it. You may also hire your own lawyer to attend, at your own expense, but you are not required to do so.

### 25.  May I speak at the Final Fairness Hearing?

Yes, you may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must follow the instructions provided in Question 21 above. You cannot speak at the hearing if you exclude yourself from the Settlement.

### IF YOU DO NOTHING

### 26.  What happens if I do nothing?

If you do nothing, you will not receive any benefits from this Settlement. If the Court approves the Settlement, you will be bound by the Class Action Settlement Agreement and Release. This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant or the Released Parties about the issues resolved by this Settlement and released by the Settlement Agreement.

### GETTING MORE INFORMATION

### 27.  How do I get more information?

More details are in the Settlement Agreement, which is available at www.[website].com. You may also call 1-___-___-___, or write to the *In re Practice Resources, LLC Data Security Breach Litig.* Settlement Administrator, P.O. Box _____, City, ST _____-____.

***Please do not call the Court or the Clerk of the Court for additional information.
They cannot answer any questions regarding the Settlement or the Action.***

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PRACTICE RESOURCES, LLC<br>DATA SECURITY BREACH LITIGATION | Case No: 6:22-cv-00890-LEK-DJS |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVIDING NOTICE

This case is before the Court on Plaintiffs James Stewart, Susan Stewart, John Bachura, Brenda Sparks, and Steven N. Esce (collectively, "Plaintiffs") Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion"). The Court, having considered the Motion, the supporting brief, the Parties' Settlement Agreement dated March 27, 2024 (the "Settlement Agreement"), attached hereto as Exhibit 1; the proposed Long Form Notice, Summary Notice, and Claim Form (attached as Exhibits D, F, and A, respectively, to the Settlement Agreement); the pleadings and other papers filed in this Action; and the statements of counsel and the Parties, and for good cause shown.

**IT IS HEREBY ORDERED** as follows:

## Preliminary Approval of Settlement Agreement

1.    Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

1

2.      This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class Members, Defendant Practice Resources, LLC ("PRL" or "Defendant"), and any party to any agreement that is part of or related to the Settlement.

3.      The Court finds that the proposed Settlement set forth in the Settlement Agreement is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved and notice of the settlement should be provided to the Settlement Class Members and that a hearing shall be held as set forth below.

## Class Certification

4.      Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"):

> All natural persons whose Private Information was compromised in the Data Breach, including all individuals who were sent the Notice of Data Privacy Incident on or around August 23, 2022.

5.      Excluded from the Settlement Class are: (i) Defendant and its respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

6.     Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b), are satisfied in that:

     a.  The Settlement Class is so numerous that joinder of all members is impracticable;

     b.  There are questions of law of fact common to the Settlement Class;

     c.  Plaintiffs and Class Counsel (as defined below) fairly and adequately represent that Settlement Class;

     d.  The claims of Plaintiffs are typical of those of Settlement Class Members;

     e.  Common issues predominate over any individual issues affecting the members of the Settlement Class;

     f.  Plaintiffs fairly and adequately protect and represent the interests of all members of the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class; and

     g.  Settlement of the Litigation on a class-action basis is superior to other means of resolving this matter.

7.     The Court appoints Migliaccio & Rathod LLP, Weitz & Luxenberg P.C., and Almeida Law Group LLC as Settlement Class Counsel, having determined

that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8.      The Court hereby appoints James Stewart, Susan Stewart, John Bachura, Brenda Sparks and Steven N. Esce as the Class Representatives for settlement purposes only on behalf of the Settlement Class.

<u>**Notice to Settlement Class Members**</u>

9.      Pursuant to Federal Rule of Civil Procedure 23(e), the Court approves the Long Form Notice and the Summary Notice (the "Settlement Notices"), attached as Exhibits D and F, respectively, to the Settlement Agreement and attached to this Order as Exhibit 1, and finds that the dissemination of the Settlement Notices substantially in the manner and form set forth in §§ 6.1-6.3 of the Settlement Agreement attached as Exhibit 1 to this Order complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

10.     The Court further approves the Claim Form, substantially similar to Exhibit A to the Settlement Agreement attached as Exhibit 1 to this Order, which will be available both on the Settlement Website and by request.

11.     The notice procedures described above are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the

4

Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

12.    The Court hereby orders that, within fourteen (14) days of entry of this Order, PRL shall provide to the Claims Administrator the contact information of Settlement Class Members, including names and physical addresses, that is currently in PRL's possession.

13.    No later than thirty-five (35) days from the date of this Order preliminarily approving the Settlement ("Notice Commencement Date"), Class Counsel shall cause the Claims Administrator to send via U.S. mail or, if available, via electronic mail the Summary Notice to each Settlement Class member and shall cause to be published the Long Form Notice, thereby making it available to the rest of the Settlement Class as stated in the proposed Notice Plan.

14.    Contemporaneously with seeking Final Approval of the Settlement, Class Counsel and PRL shall cause to be filed with the Court an appropriate affidavit or declaration from the Claims Administrator with respect to complying with the Notice Plan.

15.    All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid from the Settlement Fund.

16.    The Settlement Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus are approved for dissemination to the Settlement Class. The Claim Form shall be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class Member that requests one.

## Responses by Settlement Class Members and the Scheduling of the Final Approval Hearing

17.    Settlement Class Members may opt-out or object up to sixty (60) days from the Notice Commencement Date (the "Opt-Out Deadline").

18.    Any members of the Settlement Class who wish to be excluded ("opt out") from the Settlement Class must send a written request to the designated Post Office Box established by the Claims Administrator postmarked on or before the Opt-Out Deadline. Members of the Settlement Class may not opt-out of the Settlement by submitting requests to opt-out as a group or class, but must in each instance individually and personally sign and submit an opt-out request. All Settlement Class Members that opt-out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against PRL.

19.    Any member of the Settlement Class who does not properly and timely opt-out of the Settlement shall, upon entry of the Order and Final Judgment, be

bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

20.     The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act:

| Event | Date |
| --- | --- |
| PRL provides CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of this Motion |
| PRL to provide contact information for Settlement Class Members | Within 14 days after entry of Preliminary Approval Order |
| Notice Program commences | Within 35 days after entry of Preliminary Approval Order |
| Notice Program concludes | Within 45 days after entry of Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d): | 90 days after the appropriate governmental offices are served with CAFA notice |
| Postmark deadline for request for exclusion (opt-out) or objections: | 60 days after commencement of Notice Program |
| Deadline to file Plaintiffs' Motion for Final Approval of the Settlement Agreement and Motion for Attorneys' Fees, Expenses, and Service Awards: | No later than 14 days prior to the Final Fairness Hearing |
| Postmark/Filing deadline for members of the Class to file claims | 90 days after commencement of the Notice Program |

| Deadline for Plaintiffs to file any Response to Objections or Supplement to Motion for Final Approval | No later than 7 days prior to the Final Fairness Hearing |
|---|---|
| Deadline for Claims Administrator to file or cause to be filed, if necessary, a supplemental declaration with the Court | At least 5 days prior to the Final Fairness Hearing |
| Final Approval Hearing | To be set by the Court and held at the United States District Court for the Northern District of New York, James T. Foley U.S. Courthouse, 445 Broadway, Albany, NY 12207, in Courtroom ___ - ___ Foor and/or by virtual attendance, details of which to be provided before the Final Approval Hearing on the Settlement Website. |

21.    A hearing on the Settlement (the "Final Approval Hearing") shall be held before this Court on a date set by the Court.

22.    At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class Settlement and whether the Settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Litigation; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Litigation. Class Counsel's application for award of attorney's fees and costs, and request for the Court to award a service award to the named Plaintiffs, shall also be heard at the time of the hearing.

23.    The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order. The Court may also decide to hold the hearing via zoom or telephonically. Instructions on how to appear at the Final Approval Hearing will be posted on the Settlement Website.

24.    Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through its own attorney. Settlement Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

25.    Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Settlement Class Member may object to, among other things, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Class Counsel's application for fees and expenses, or (d) the service award request, by

9

mailing a written objection, with a postmark date no later than the Objection Date, to Class Counsel and PRL's counsel. The Settlement Class Member making the objection (the "Objector") or his or her counsel may also file an objection with the Court through the Court's Electronic Court Filing ("ECF") system, with service on Class Counsel and PRL's Counsel made through the ECF system. For all objections mailed to Class Counsel and counsel for PRL, Class Counsel will file them with the Court with the Motion for Final Approval of the Settlement.

26.    The Objector's objection must be either (1) filed with the Court no later than sixty (60) days after the Notice Commencement Date or (2) mailed to Class Counsel and PRL's counsel, with a postmark date of no later than sixty (60) days after the Notice Commencement Date. To be valid, the objection must include: (i) the Objector's full name and address; (ii) the case name and docket number, *In Re Practice Resources, LLC Data Security Breach Litigation*, Case No. 6:22-cv-00890-LEK-DJS (N.D.N.Y.); (iii) information identifying the Objector as a Settlement Class Member, including proof that the Objector is a member of the Settlement Class (e.g., copy of the Objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the Objector believes he or she is a Settlement Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the Objector believes applicable; (v) the identity of any and all counsel representing the Objector in connection with

the objection; (vi) a statement whether the Objector and/or his or her counsel will appear at the Final Fairness Hearing; and (vii) the Objector's signature or the signature of the Objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

27.     Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; and/or (e) the service award request for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

28.     Settlement Class Members need not appear at the hearing or take any other action to indicate their approval of the Settlement.

29.     Upon entry of the Order and Final Judgment, all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against PRL with respect to all of the Released Claims.

30.     PRL shall cause to be prepared and sent all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. The costs associated with providing notice under CAFA shall be paid from the Settlement Fund.

31.     Class Counsel and counsel for PRL shall cooperate promptly and fully in the preparation of such notices, including providing PRL with any and all information in its possession necessary for the preparation of these notices. PRL shall provide, or cause to be provided, courtesy copies of the notices to Class Counsel for the purpose of implementing the settlement. PRL shall provide notice to Class Counsel of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

## Administration of the Settlement

32.     The Court hereby appoints the claims administrator proposed by the parties, KCC, LLC ("Claims Administrator"). Responsibilities of the Claims Administrator shall include: (a) disseminating notice to the Class; (b) developing a website to enable Settlement Class Members to access documents; (c) accepting and maintaining documents sent from Settlement Class Members relating to claims administration; and (d) distributing settlement checks to Settlement Class Members. Pursuant to the Settlement Agreement, the Claims Administrator and costs of administration shall be paid from the Settlement Fund.

33.    In the event the Settlement Agreement and the proposed Settlement are terminated in accordance with the applicable provisions of the Settlement Agreement—the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against PRL and any other Released Entity, and PRL and any other Released Entities shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). The Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

34.    Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by PRL as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set

13

forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed Settlement.

**IT IS SO ORDERED.**


Dated: _____          _____
                                        The Honorable Lawrence E. Kahn
                                        United States District Court Judge

# EXHIBIT F

<u>LEGAL NOTICE</u>

**If your Private Information may have been compromised in the Practices Resources, LLC Data Breach, you may be entitled to benefits from a class action settlement.**

*A federal district court authorized this Notice.*

**1-____-____-_____**
**www.[website].com**

*In re Practice Resources, LLC Data Security Breach Litig.* Settlement Administrator
P.O. Box _____
City, ST _____-____

First-Class
Mail
US Postage
Paid
Permit #__

«Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «ClaimID» - «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»



A settlement has been proposed in a class action lawsuit against Practice Resources, LLC ("Practice Resources" or "Defendant") relating to a targeted cybersecurity attack culminating in ransomware, which Practice Resources discovered on or around April 12, 2022 (the "Data Breach"). Practice Resources denies any wrongdoing, fault, violation of law, or liability of any kind.

**Who is included?** Practice Resources' records indicate that you are included in the Settlement. The Settlement includes all natural persons whose Private Information (name, home address, dates of treatment, health plan number and/or medical record numbers) may have been compromised in the Data Breach, including all individuals who were sent the Notice of Data Privacy Incident on or around August 23, 2022 ("Settlement Class Members").

**What does the Settlement provide?** Practice Resources has agreed to create a Settlement Fund in the amount of $1,500,000. The Settlement provides Settlement Class Members with their choice of (1) compensation for documented losses (up to $5,000), (2) up to three years of credit monitoring and insurance services, **or** (3) a cash payment.

**How do I get benefits?** You must complete and submit a Claim Form by **Month __, 2024**. Claim Forms are available and may be filed online at www.[website].com.

**What are my other options?** If you do not want to be legally bound by the Settlement or receive any Settlement benefits, you must exclude yourself by **Month __, 2024**. Unless you exclude yourself from the Settlement, you will not be able to sue Practice Resources or its related parties for any claim released by the Settlement Agreement. If you do not exclude yourself from the Settlement, you may object and notify the Court that you or your lawyer intend to appear at the Court's fairness hearing. Objections are due **Month __, 2024**.

**The Court's Fairness Hearing.** The Court will hold a final fairness hearing in this case (*In re Practice Resources, LLC Data Security Breach Litigation*, No. 6:22-cv-00890) on **Month __**, 2024, at **__: 0 __**.m. At this hearing, the Court will decide whether to approve: (1) the Settlement; (2) Class Counsel's request for up to one third of the Settlement Fund in attorneys' fees, and reimbursement of costs; and (3) $2,500 Service Awards to each Class Representative. You may appear at the hearing, but you do not have to. You also may hire your own attorney, at your own expense, to appear or speak for you at the hearing.