UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PRACTICE RESOURCES, LLC DATA SECURITY BREACH LITIGATION | Case No: 6:22-cv-00890-LEK-DJS |

# FINAL APPROVAL ORDER

Before the Court is Plaintiffs' Consent Motion for Final Approval of Settlement and Approval of Award of Service Awards, Attorneys' Fees, and Costs filed by John Bachura, Steven N. Esce, Gloria Hamilton, Brenda Sparks, James Stewart, and Susan Stewart ("Motion for Final Approval, Fees, and Service Awards"), which seeks approval of the Settlement as fair, reasonable, and adequate. [1] Having reviewed and considered the Settlement Agreement and Motion for Final Approval, Fees, and Service Awards, and having conducted a Final Approval Hearing, the Court makes the following findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth herein.

Plaintiffs and Defendant Practice Resources, LLC ("PRL"), by their respective counsel, have entered into a Settlement Agreement (Dkt. 61-3), subject to final approval by this Court. The Settlement Agreement sets forth the terms and conditions of a proposed Settlement that, *inter alia*, resolves certain claims on behalf of the proposed Settlement Class and dismisses claims raised in the Action against PRL with prejudice.

---

[1] Capitalized terms used in this Order and otherwise not defined shall have the meaning assigned to such terms by the Settlement Agreement.

1

By Order dated September 23, 2024 (the "Preliminary Approval Order"), this Court: (1) preliminarily approved the Settlement; (2) preliminarily certified the proposed Settlement Class for settlement purposes only; (3) determined that the Notice Program satisfied due process and the requirements of Fed. R. Civ. P. 23, and directed that Notice be provided to the Settlement Class; (4) appointed KCC (n/k/a Verita) as the Claims Administrator; (5) advised Settlement Class members of the opportunity to object to the proposed Settlement; (6) provided Settlement Class members with the opportunity to exclude themselves from the proposed Settlement Class; (7) appointed Plaintiffs as Class Representatives and Migliaccio & Rathod LLP, Weitz & Luxenberg, P.C., and Almeida Law Group LLC as Settlement Class Counsel; and (8) scheduled a hearing to determine whether to grant final approval to the Settlement. (Dkt. 66.)

On May 28, 2025, Plaintiffs submitted their Unopposed Motion for Final Approval, Fees, and Service Awards. (Dkt. 70.) No Settlement Class members objected to the Settlement, and thirteen Settlement Class members requested to be excluded from the Settlement Class.

On June 11, 2025, the Court conducted a Final Approval Hearing to consider, *inter alia*, whether: (1) the terms and conditions of the Settlement are fair, reasonable, and adequate, as required by Fed. R. Civ. P. 23(e), and therefore merit approval by the Court; (2) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (3) final judgment should be entered dismissing the Action as against PRL with prejudice; and (4) Plaintiffs' request for approval of the award of Service Award, attorneys' fees, and costs should be granted. The Court has reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written submissions, and the record in the Action, and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. **<u>Jurisdiction</u>**: The Court has personal jurisdiction over all Plaintiffs, the Settlement Class, and PRL for purposes of the Settlement. The Court has subject matter jurisdiction over the claims asserted in this Action. Venue in the Northern District of New York is proper.

2. **<u>Incorporation of Settlement Documents</u>**: The Court expressly incorporates in this Final Approval Order and makes a part hereof the Settlement Agreement and Exhibits. The Court does this for the purpose of satisfying the requirements of *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 380-82 (1994), concerning the obligation of a court entering a settlement agreement to speak clearly when it wishes to retain jurisdiction.

## FINAL APPROVAL OF THE CLASS SETTLEMENT

3. The Court hereby grants final approval to the Settlement Agreement, finding the Settlement Agreement in its entirety to be fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e). The Settlement Agreement provides significant benefits to the Settlement Class and avoids continued, protracted litigation between the Parties.

4. In determining that the Settlement is fair, reasonable, and adequate, and that it merits approval, the Court has assessed the considerations set forth in Fed. R. Civ. P. 23(e)(2), as well as the factors set forth by the Second Circuit Court of Appeals in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).

5. The Court finds that Plaintiffs and Settlement Class Counsel have adequately represented the Settlement Class. Fed. R. Civ. P. 23(e)(2)(A). First, there are no conflicting interests that exist between Plaintiffs and the Settlement Class. The record also demonstrates that Plaintiffs participated in all aspects of the litigation and at all times acted in the best interests of

the Settlement Class. Second, Settlement Class Counsel have diligently litigated this Action on behalf of the Class and achieved a substantial resolution from PRL.

6. The Court finds that the Settlement was negotiated at arm's length, in good faith, and was overseen by an experienced mediator, the Hon. Wayne Anderson, which demonstrates that the negotiated resolution was procedurally fair. Fed. R. Civ. P. 23(e)(2)(B).

7. The Court finds that the relief provided for the Settlement Class is adequate, taking into account the costs, risks, and delay of trial and appeal; the effectiveness of any proposed method of distributing relief to the Settlement Class; the terms of any proposed award of attorneys' fees, including the timing of payment; and the existence of any agreements required to be identified under Fed. R. Civ. P. 23(e)(3).

8. As set forth in more detail below, the Court finds that the terms of Plaintiffs' application for attorneys' fees, including the timing of payment, weigh in favor of the Settlement's fairness.

9. The Parties have complied with Fed. R. Civ. P. 23(e)(3) by indicating that there are no side agreements that must be disclosed.

10. The Court finds that the Settlement treats Settlement Class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2)(D). Each Settlement Class member is eligible to seek the same Settlement benefits, which are themselves fair, adequate, and reasonable.

11. Finally, the reaction of the Settlement Class has been overwhelmingly positive, which weighs strongly in favor of the Settlement's fairness. Indeed, the Settlement drew no objections from Settlement Class Members and only thirteen opt outs in a class of more than 900,000 individuals. This, in turn, further demonstrates that the Settlement is fair, reasonable, and adequate. *See Wright v. Stern*, 553 F. Supp. 2d 337, 345 (S.D.N.Y. 2008) (explaining that where

"the vast majority of class members neither objected nor opted out is a strong indication that the proposed settlement is fair, reasonable, and adequate").

## CERTIFICATION OF THE SETTLEMENT CLASSES

12. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court grants final certification to the Settlement Class, which is defined as follows:

> All natural persons whose Private Information was compromised in the Data Breach, including all individuals who were sent the Notice of Data Privacy Incident on or around August 23, 2022.

13. The Court finds, for settlement purposes only, that the Settlement Class meets the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3)—namely, (a) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (b) the Settlement Class shares common questions of law and fact; (c) Plaintiffs' claims are typical of those of the Settlement Class Members; (d) Plaintiffs and Plaintiffs' counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; and (e) questions of law and fact common to the Settlement Class predominate over questions affecting only individual Settlement Class Members, and certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy.

The Settlement Class, which will be bound by this Final Approval Order, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

14. **Requests to Opt Out of the Settlement**: The Claims Administrator received thirteen valid opt-out requests. The individuals who validly elected to opt out of the Settlement are identified at Dkt. 70-4, Ex. E.

15. **Settlement and CAFA Notice**: The Court finds that the Notice and Notice Program satisfied the applicable requirements of Fed. R. Civ. P. 23(c)(2)(B) and 23(e) and fully comply with all laws and the Due Process Clause of the United States Constitution, constituting the best notice that was practicable under the circumstances of this case. Among other things, the Notice advised Settlement Class members of the opportunity to object to the proposed Settlement or to opt out of the Settlement Class. Further, the Court finds that the Parties and Claims Administrator complied with and otherwise discharged their obligations under the Class Action Fairness Act, 28 U.S.C. § 1715(b).

## ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS

16. Class Counsel has requested an attorneys' fee award of one-third of the Settlement Fund, or $500,000, as well as reimbursement of expenses incurred in connection with this Action of $19,253.46. No Settlement Class Member objected to Plaintiffs' application for attorneys' fees or reimbursement of expenses and therefore the request is unopposed.

17. **Reasonableness of the Attorneys' Fee Request**: In common fund settlements, such as this one, courts in this Circuit typically apply the percentage-of-the-fund method to assess an attorneys' fee request. *Goldberger*, 209 F.3d at 50. The Court finds it is appropriate to apply the percentage-of-the-fund method here. To determine whether the request for one-third of the Settlement Fund is reasonable, the Court considers the guidelines set forth by the Second Circuit in *Goldberger*: (1) the time and labor expended by counsel, (2) the magnitude of the litigation, (3) the risk of the litigation, (4) the quality of the representation, (5) the requested fee in relation

6

to the settlement, and (6) public policy considerations. *Id.* Pursuant to *Goldberger*, the Court has "very broad discretion . . . in determining a reasonable fee." *Id.* at 57. Upon applying the *Goldberger* factors, the Court finds that a fee of one-third of the Settlement Fund, or $500,000, is reasonable.

    a.    **Magnitude and Complexity of the Litigation**: The Court finds that the magnitude and complexity of the litigation weigh in favor of approval. The Action was complex, presenting novel factual and legal issues whose outcome was uncertain at the outset.

    b.    **Risks of the Litigation**: The Court finds that the risks of the litigation weigh in favor of approval. The legal viability of Plaintiffs' claims was uncertain and contested by PRL.

    c.    **Quality of Representation**: The Court finds that the quality of representation weighs in favor of approval. Settlement Class Counsel has delivered significant benefits to the Settlement Class and the Court finds that Settlement Class Counsel delivered high-quality representation to Plaintiffs, the putative class, and the Settlement Class.

    d.    **Requested Fee in Relation to the Settlement**: The Court finds that a one-third fee award compares favorably with fees awarded to class counsel in the Second Circuit, especially in light of the results delivered to the Settlement Class. For example, courts in this district and throughout the Second Circuit have regularly found an award of 33 percent of a common fund to be fair and within the range of reasonableness. *See, e.g.*, *Thompson v. Community Bank, N.A.*, 2021 WL 4084148, at *10-12 (N.D.N.Y. Sept. 8, 2021) (awarding 33.33% of a common fund and citing cases); *Baudin v. Resource Mktg.*

7

*Corp., LLC*, 2020 WL 4732083, at *14 (N.D.N.Y. Aug. 13, 2020) (awarding 33% of common fund); *see also Velez v. Novartis Pharms. Corp.*, 2010 WL 4877852, at *21 (S.D.N.Y. Nov. 30, 2010) (explaining that "federal courts have established that a standard fee in complex class action cases . . . where plaintiffs counsel have achieved a good recovery for the class, ranges from 20 to 50 percent of the gross settlement benefit," and "[d]istrict courts in the Second Circuit routinely award attorneys' fees that are 30 percent or greater"). The requested fee falls within the range of reasonableness and compares favorably to fee awards in complex class action litigation within this Circuit.

      e.    **Public Policy Considerations**: The requested fee furthers the policy goal of "providing lawyers with sufficient incentive to bring common fund cases that serve the public interest." *Goldberger*, 209 F.3d at 51.

      f.    **Time and Labor Expended by Counsel and Lodestar Cross-Check**: The Court finds that consideration of the time and labor expended by counsel, as well as a lodestar cross-check, demonstrate that the requested fee is reasonable. As of the date of their motion, Class Counsel and associated counsel had expended a total of 487.24 hours, for a lodestar of $326,521.90. Settlement Class Counsel anticipated spending additional time preparing for the Final Approval Hearing and ensuring that Settlement benefits are properly distributed to Settlement Class members. The time and labor expended by counsel is appropriate and was warranted in this complex Action. Application of a lodestar cross-check confirms the Court's finding.[2] To obtain their requested fee, Settlement Class

---

[2] Because the Court is using a lodestar cross check, "the hours documented by counsel need not be exhaustively scrutinized," but rather "the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case (as well as encouraged by the strictures of Rule 11)." *Goldberger*, 209 F.3d at 50. Accordingly, the Court does not need to, and elects not to, engage in

Counsel seek a lodestar multiplier of 1.5, which falls at the low end of the range of multipliers typically awarded in this Circuit. *See, e.g.*, *NECA-IBEW Health & Welfare Fund v. Goldman, Sachs & Co.*, 2016 WL 3369534, at *1 (S.D.N.Y. May 2, 2016) (3.9 multiplier reasonable); *Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172, 185 (W.D.N.Y. 2011) (multiplier of 5.3 was "not atypical" in similar cases). Accordingly, application of a lodestar cross-check confirms that the fee requested by Settlement Class Counsel is reasonable.

18. **Reasonableness of the Cost Reimbursement Request**: "Courts routinely note that counsel is entitled to reimbursement from the common fund for reasonable litigation expenses." *Fleisher v. Phoenix Life Ins. Co.*, 2015 WL 10847814, at *23 (S.D.N.Y. Sept. 9, 2015) (internal quotations omitted). The cost reimbursement requested by Class Counsel—$19,253.46—reflects expenses typically billed by attorneys to paying clients in the marketplace and includes expenses associated with investigation of the Action, as well as expenses related to procuring the services of a well-qualified mediator, among others. The Court finds that the expenses incurred in the Action are reasonable.

19. **Approval of Attorneys' Fees and Costs**: The Court awards Plaintiffs' counsel (i) $500,000 in attorneys' fees and (ii) $19,253.46 in litigation expenses. Pursuant to the Settlement Agreement, the fees and expenses shall be paid from the Settlement Fund.

20. **Approval of Service Awards**: Plaintiff service awards "are common in class action cases and are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any

---

a line-by-line analysis of the total hours reported by Settlement Class Counsel, which are consistent with what the Court would expect in a case of similar complexity.

other burdens sustained by plaintiffs." *Hernandez v. Immortal Rise, Inc.*, 306 F.R.D. 91, 101 (E.D.N.Y. 2015) (internal quotation marks omitted). The Court finds that the Class Representative Plaintiffs have devoted time and effort to this Action and have been active participants from the pre-suit investigation to the settlement process. The result obtained for the Settlement Class would not have been possible without the active participation of these Plaintiffs. The Court awards $2,500 to each of the Class Representative Plaintiffs for their commendable work on achieving this Settlement. *See, e.g.*, *Story v. SEFCU*, 2021 WL 736962, at *10-11 (N.D.N.Y. Feb. 25, 2021) (awarding $15,000 service awards to each class representative plaintiff); *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 2018 WL 6250657, at *4 (S.D.N.Y. Nov. 29, 2019) (approving award of $50,000 for six plaintiffs and $100,000 for two plaintiffs).

## RELEASE, DISMISSAL, AND ENTRY OF FINAL JUDGMENT AS TO THE SETTLING DEFENDANTS

21.     **Release, Covenant Not to Sue, and Permanent Injunction**: The Court finds that the Release set forth in the Settlement Agreement is valid and enforceable. The Release is given pursuant to New York law and shall be construed under New York law. The Release is effective and is binding upon Plaintiffs, the Settlement Class, and the Releasing Parties as to Practice Resources, LLC and the Released Parties as of the Effective Date. Pursuant to Section 4 of the Settlement Agreement, the Court permanently bars and enjoins the Releasing Parties from instituting, maintaining, prosecuting, or continuing any suit, action, arbitration, or proceeding against any of the Released Parties with respect to the Released Claims. The Court finds that each of the Releasing Parties has expressly, intentionally, fully, finally, and forever released, waived, compromised, settled, and discharged all Released Claims. Each of the Releasing Parties (whether or not the Releasing Party objected, submitted a Claim Form, or otherwise participated in the Action, the Settlement, or the approval process) shall be bound by the terms and provisions of the

Settlement Agreement and this Order, including the Release and Covenant Not to Sue provisions set forth in the Settlement Agreement, which are hereby incorporated by reference and become part of this Order.

22. The Court declares that the Settlement Agreement and the Final Approval Order shall be binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings against Practice Resources, LLC involving Released Claims(s), and shall also be binding on the Releasing Parties and their respective successors and assigns, regardless of whether the Releasing Party previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Releasing Party never received actual notice of the Action or the Settlement.

23. **No Contribution Claims**: The Court enjoins any Person from asserting claims against the Released Parties for contribution or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise.

24. **Dismissals**: In consideration of the benefits provided under the Settlement Agreement, all Released Claims by or on behalf of the Settlement Class, Plaintiffs, or any and all Settlement Class Members against any and all Released Parties, are hereby dismissed with prejudice, including all claims in the Consolidated Class Action Complaint asserted against PRL. These claims are dismissed without further cost, including claims for interest, penalties, costs, and attorneys' fees (except as otherwise provided for in the Settlement Agreement).

25. **Retention of Jurisdiction**: Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction (i) over the Settlement Fund, (ii) over the Parties, the Settlement Class members, and the Settlement Agreement, to interpret, implement,

administer and enforce the Settlement Agreement in accordance with its terms; (iii) for all matters relating to the Settlement Agreement and the Action pending before the Court, (iv) to administer and enforce the terms of this Order, and (v) for any other necessary purpose.

26. **<u>Termination of the Settlement</u>**: If the Settlement is terminated as provided in the Agreement, or the Effective Date otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of Plaintiffs, Settlement Class Members, and PRL, and the Plaintiffs, PRL, and Settlement Class members shall revert to their respective pre-Settlement positions in the Action and in any actions previously pending in any federal or state court in which Settlement Class Members dismissed claims in order to participate in the Settlement Class. In such event, the Parties shall be free to raise all claims, defenses, and arguments that they could have raised had they never negotiated, agreed to, or sought approval of the Settlement.

27. Neither the Settlement Agreement, nor its exhibits, whether or not it shall become final, nor any negotiations, documents exchanged among Class Counsel and Practice Resources, LLC in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Practice Resources, LLC or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; or (d) the propriety of certification of a class other than solely for purposes of the Settlement. Further, the Settlement negotiations, including any documents exchanged among Settlement Class Counsel and Practice Resources, LLC and any discussions associated with them, may not be

discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Action) in which the Settlement Agreement is asserted as a defense.

28. Should any remaining amount of the Net Settlement Fund be economically not distributable, the Parties shall petition the Court for permission to distribute the remaining funds to an approved non-profit recipient, providing the Court with details of the proposed non-profit recipient.

29. **<u>Entry of Final Judgment</u>**: The Court finds that there is no just reason for delay in the entry of final judgment and the Clerk of Court is expressly directed to enter final judgment pursuant to Fed. R. Civ. P. 54(b).

**SO ORDERED.**

This 11th day of June, 2025

Hon. Lawrence E. Kahn
United States District Judge